[S. F. No. 1616.   Department One. — February 26, 1901.]

## PHILIP G. SCHROEDER, Respondent, v. IMPERIAL INSURANCE COMPANY, LIMITED, etc., Appellant.

Fire Insurance — Provision for Avoiding Policy — Foreclosure of Mortgage with Knowledge of Insured — Reasonable Construction. — A policy of fire insurance providing that the policy, "unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, . . . if, with the knowledge of the insured, foreclosure proceedings be commenced, or notice given of sale of any property covered by this policy, by virtue of any mortgage or trust deed," is to be reasonably construed, not as requiring knowledge of foreclosure proceedings before or at the exact time of their commencement, but as providing that whenever the fact of knowledge of their commencement is obtained by the insured, if the consent of· the insurer to the proceedings is not had, the policy shall be void.

Id. — Interpretation of Contract of Insurance. — A contract of insurance is to be interpreted by the same rules as other contracts, so as to give effect to the mutual intention of the parties, which is to be deduced, if possible, from the language of the contract, reasonably construed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George H. Bahrs, Judge.

The policy sued upon was issued to Celestia Priest, and by her assigned to Philip G. Schroeder.   The forfeiture clause of the policy began with the words: " This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, if," etc., followed by many enumerated conditions, of which the clause in question was one.   Further facts are stated in the opinion of the court.

Chickering, Thomas & Gregory, for Appellant.

Van Ness & Redman, for Respondent.

HARRISON, J.—Action upon a policy of fire insurance.
The plaintiff's right of recovery depends upon the construction to be given to the following clause in the policy: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, . . . if, with the knowledge of the insured, foreclosure proceedings be commenced, or notice given of sale of any property covered by this policy, by

virtue of any mortgage or trust deed." The policy was issued November 6, 1893, for the term of three years. At that time the dwelling-house, which was a portion of the insured property, together with the land upon which it stood, was subject to the lien of a mortgage, and on April 30, 1895, the mortgagee commenced an action for its foreclosure, and made the insured one of the defendants therein. The insured and the other defendants were duly served with process in the action, and on May 18, 1895, a judgment was rendered therein for the amount of the mortgage debt, and directing a sale of the property in satisfaction thereof. Under this judgment the property was sold, June 15, 1895, to the plaintiff in the action. The dwelling-house was destroyed by fire, November 15, 1895. The insured gave no notice of the foreclosure proceedings to the defendant, nor did the defendant have any knowledge thereof until after the property was destroyed. The superior court held that the above clause did not have the effect to avoid the policy, unless the insured had knowledge of the foreclosure proceedings before or at the time of their commencement, and that as it does not appear herein that she had any knowledge thereof until the service upon her of the process in the action, the policy remained unaffected by the proceedings. Judgment was therefore rendered in favor of the plaintiff, and the defendant has appealed.

A contract of insurance is to be interpreted by the same rules as are other contracts, and is to be so interpreted as to give effect to the mutual intention of the parties; and this intention is to be deduced, if possible, from the language of the contract. (Civ. Code, secs. 1635, 1636; *Wells, Fargo & Co.* v. *Pacific Ins. Co.*, 44 Cal. 397; *Yoch* v. *Home Mutual Ins. Co.*, 111 Cal. 503.) The above clause in the policy is included in that portion which enumerates many grounds for avoiding it, and it is manifest that the parties intended by these several clauses to agree that the defendant should not be liable upon the policy in case the risk that it assumed should be thereafter increased, unless its consent to such increased risk should be indorsed upon the policy. The provision above quoted is directed to the fact of knowledge, on the part of the insured, of the commencement of foreclosure proceedings, and not to the time at which he may obtain such knowledge, and the reasonable construction to be given to the clause is, that whenever he shall have knowledge of the proceedings, and shall fail to

obtain the consent of the insurer thereto, the policy shall be avoided. That the risk assumed at the date of the policy would be increased by foreclosure proceedings against the insured property, was a fact well recognized in matters of insurance, and it has been held that a proviso in the policy that it shall be avoided by the commencement of foreclosure proceedings has that effect, even though the insured is ignorant thereof. (*Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410; *Meadows* v. *Hawkeye Ins. Co.*, 62 Iowa, 387.) It was doubtless for the purpose of overcoming the harshness of this rule that the standard form of policy limits this effect to those proceedings of which the insured has knowledge. This limitation is for the benefit of the insured, and that he may have an opportunity to obtain the consent of the insurer to the increased risk, and pay an additional premium therefor, if it shall be demanded. The object of the clause is to provide against an increase of the risk, but such increased risk would not be varied by the knowledge or ignorance of the insured, and it may be assumed that the parties deemed it just that the insured should have an opportunity to procure the consent of the insurer thereto, and therefore provided that the policy should not be forfeited if the proceedings were had without his knowledge.

It would be a solecism to speak of the insured having "knowledge" of proceedings yet to take place. He might be informed of the purpose of the mortgagee to commence proceedings, and he might have a belief that they would be commenced, but this information or belief could not be termed his "knowledge" of their commencement. It is equally unreasonable to assume that the parties intended by this clause to limit the provision avoiding the policy to proceedings of which the insured has knowledge at the identical moment of their commencement. These views find support in *Quinlan* v. *Providence etc. Ins. Co.*, 133 N. Y. 356;[1] *Woodside Brewing Co.* v. *Pacific Fire Ins. Co.*, 11 N. Y. App. Div. 68; *Gibson Electric Co.* v. *Liverpool etc. Ins. Co.*, 10 N. Y. App. Div. 225; affirmed 159 N. Y. 418; *Norris* v. *Hartford Ins. Co.*, 55 S. C. 450;[2] 33 S. E. Rep. 566; *Merchants Ins. Co.* v. *Brown*, 77 Md. 79; 25 Atl. Rep. 992.

A contrary construction was given by the supreme court of Idaho, in *Bellevue Roller Co.* v. *London etc. Fire Ins. Co.*, 39

---

[1] 28 Am. St. Rep. 645.          [2] 74 Am. St. Rep. 765.

Pac. Rep. 196; but the reasoning of the court thereon does not commend itself to our judgment. It urges, in support of its conclusion, that it would not be a reasonable construction of the clause to so construe it as to require a party to give notice of a fact of which he has no information or knowledge; but as the clause makes no provision requiring any notice to be given to the insurer, the reason thus given is inapplicable. The policy merely provides that it shall be avoided if the consent of the insurer is not obtained. The case in Idaho was cited in one of the district courts of appeals in Texas (*North British etc. Ins. Co.* v. *Freeman,* 33 S. W. Rep. 1091), but the decision therein does not appear to have rested upon this authority. In another district court of the same state the clause seems to have received a different construction. (*Hartford Fire Ins. Co.* v. *Clayton,* 17 Tex. Civ. App. 744; 43 S. W. Rep. 910.)

The judgment is reversed, and the court is directed to render judgment in favor of the defendant upon the facts stipulated by the parties.

Garoutte, J., and Van Dyke, J., concurred.