[Sac. No. 976.   Department One.—October 29, 1902.]

MARY B. ODELL, Appellant, v. W. S. MOSS, and JOHN C. THOMPSON, Guardian of the Person and Estate of said W. S. Moss, an Incompetent Person, Respondents.

TRUST—FIDUCIARY RELATION—CONVEYANCES BY IMBECILE BROTHER TO SISTER.—Though the relationship between a brother and sister is not of itself fiduciary, it is a material circumstance in determining whether a fiduciary relation existed; and where the court finds upon sufficient evidence that a conveyance by a brother to his sister was made while he was weak and enfeebled in mind as the result of excessive intoxication, and upon a special confidence reposed in her that she would manage it for his benefit and keep others from defrauding him, a fiduciary relation existed between them, and the sister became a trustee for her brother.

ID.—ACTION TO QUIET TITLE—CROSS-COMPLAINT BY GUARDIAN—JUDGMENT FOR CONVEYANCE.—In an action to quiet title brought by the sister against her brother and the guardian of his person and estate, where the guardian by cross-complaint sought a conveyance from the plaintiff, and the court found in his favor upon sufficient evidence, judgment was properly rendered compelling such conveyance for the brother's benefit.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. G. W. Nicol, Judge presiding.

The facts are stated in the opinion of the court.

Louttit & Middlecoff, for Appellant.

J. G. Swinnerton, and Budd & Thompson, for Respondents.

VAN DYKE, J.—This case has been here once before (*Odell v. Moss*, 130 Cal. 352). On the former trial in the court below judgment went for the plaintiff, but on appeal this court reversed that judgment and remanded the cause for a new trial. The second trial resulted in a judgment for the defendant, and from this judgment and the order denying plaintiff a new trial the present appeal is prosecuted.

The action was brought to quiet title to a tract of land in San Joaquin County, near Stockton, called the "Lindstrom Tract," and an undivided interest in another tract in said county, known as the "Moss Home Ranch." The title relied upon by plaintiff was derived by deed bearing date November 27, 1889, from defendant Moss to said plaintiff, said Moss and plaintiff being brother and sister.

On or about the fourteenth day of September, 1897, by an order and decree of the superior court of San Joaquin County, duly made, said defendant Moss was adjudged an incompetent person, and said Thompson was thereupon appointed guardian of his person and estate. Thereafter, and before the commencement of this action, said guardian, on behalf of the said Moss, demanded of the plaintiff a reconveyance of said property, which was refused. The action was thereupon commenced by the plaintiff September 25, 1897, in which it is asked to have the title in the plaintiff to said premises quieted. The complaint is in the usual form, and the defendant by his said guardian answered thereto, denying the title of the plaintiff, and also filed a cross-complaint. It is averred in the cross-complaint that at the date of said deed from said Moss to plaintiff, and prior thereto, the said defendant Moss reposed especial confidence and trust in his sister, the plaintiff, and was in all things guided, controlled, and influenced by her;

that for many years prior to the date of said deed he was addicted to the habit of drinking intoxicating liquors to excess, and by reason thereof was at said date an imbecile, and so weak in mind that he was incapable of caring for himself and managing his property, of all which the plaintiff well knew, and that he made said conveyance to his sister, said plaintiff, for the management and protection of his said property, and that she so received the same, and not otherwise.

On the second trial the court found for the defendant. Among the findings it is found that on the day of the conveyance,—to wit, November 27, 1889,—"and for a long time prior thereto, said defendant Moss was and had been addicted to the habit of drinking intoxicating liquors to excess, and by reason of the excessive drinking as aforesaid the defendant Moss was weak in mind and so enfeebled in intellect that his capacity of taking care of himself or managing his property was much impaired, and he was easily deceived, persuaded, and imposed upon; but on said day he was sober, not under the influence of liquor, and was competent to execute a deed of his property. That on said day the plaintiff, whose name was then Mary B. Tam, knew the foregoing, but did not on said day intend or contrive to defraud said Moss of his property, or to gain the same for herself, and did not persuade or induce defendant Moss to convey the said property to her by falsely representing to him that she would care for and keep the same for him and hold the same for his benefit, but did receive said property from said defendant Moss in good faith, and with the intention to keep the same for said Moss for his protection, and to prevent other persons from defrauding him and depriving him of said property; that on said day said Moss, without any adequate consideration therefor, by reason of the confidence in plaintiff and his reliance upon the same, signed and delivered to plaintiff a paper which purported to be a grant of all the real property described in plaintiff's complaint herein; and the plaintiff received said property for the purpose and with the intent only to manage the same for the benefit of Moss, and to protect said property from being acquired by others, and to protect said Moss from being defrauded thereof." And upon such findings the court entered judgment for the defendant and also decreed: "That

plaintiff forthwith execute a good and sufficient deed of conveyance to W. S. Moss of all the lands in this decree hereinbefore described, and forthwith deliver the same to J. C. Thompson, the guardian of said W. S. Moss, for said W. S. Moss."

It is contended that the facts as found are not supported by the evidence, and appellant's counsel in their brief say: "But, although the evidence on the second trial was stronger for the plaintiff and different from that on the first trial, and although we believe the superior judge who tried the case in both instances firmly believed that plaintiff was entitled to judgment, still, on account of the decision rendered by this supreme court on the first appeal, the superior court seems to have felt absolutely forced, against the evidence and good conscience, to decide the case in favor of the defendant."

We think the counsel are mistaken in saying that the evidence on the second trial was stronger for the plaintiff than upon the first. Taking it altogether, the evidence on the second trial, although conflicting on some material questions, is as a whole nevertheless abundantly sufficient to sustain the findings.

As said by this court on the former appeal, "the relationship of brother and sister is not in itself a fiduciary relation, but is a material circumstance in considering the question whether in fact such a relation existed"; and Bigelow on Frauds (p. 365) says: "Blood relationship short of parent and child creates alone no technical, confidential relation, but one may very easily—more easily than without it—be superinduced as a matter of fact; and then, it seems, the ordinary case arises, with its attendant duties in the person occupying the superior position, and the corresponding burden of proof."

It appears from the findings that the plaintiff received said property from defendant Moss in good faith and with the intention to keep the same for said Moss for his protection, and to prevent other persons from defrauding him and depriving him of said property, "and with the intent only to manage the same for the benefit of Moss." This established a fiduciary relation between the plaintiff and defendant Moss, and made the former trustee for the latter; and the court, therefore, upon such findings properly entered the decree it did.

The alleged errors occurring at the trial, even if they be deemed to be errors, which they are not, are not of sufficient importance to change the result.

Judgment and order affirmed.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.