[Sac. No. 1459.   Department Two.—May 1, 1907.]

MARY A. MARSTON, Appellant, v. LOUIS W. KUHLAND, Respondent.

TRUST—SETTLEMENT BETWEEN TRUSTEE AND BENEFICIARY—STATUTE OF LIMITATIONS—FRAUD AND MISTAKE.—A settlement in full between a trustee and the beneficiary, and a release executed by the latter to the former, ended the trust relation, and any ordinary action by the beneficiary founded on the former relation would be barred unless brought within at least four years thereafter; and an action founded on fraud or mistake in the settlement would be barred at the expiration of three years after its discovery.

APPEAL from a judgment of the Superior Court of Solano County. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

Charles J. Hasman, and Alexander & Church, for Appellant.

Frank R. Devlin, for Respondent.

McFARLAND, J.—This is an appeal by plaintiff from a judgment in favor of defendant.

Plaintiff is the sister of the defendant, and the two are children of William Kuhland, now deceased. In his lifetime, and on or about February 18, 1892, the said William Kuhland procured several life insurance policies on his life to be issued and made payable to the son, Louis W., defendant herein. They were made payable to defendant, however, with the understanding that upon the death of the father defendant was to collect the amounts due on the policies and pay a certain named part thereof to the plaintiff herein, a certain part to a couple of grandchildren of the insured, and to retain the balance for himself; and on February 18, 1892, said father, William, and the son, defendant herein, executed a written instrument, in which the duties of defendant with respect to the policies, as above stated, were fully declared. Afterwards, on November 1, 1895, the father and son executed in writing a modification of said written instrument of February 18, 1892, in which the father recited that he had ''made certain advances in money to my daughter, Mary Marston,'' and directed that five hundred dollars of the insurance money directed to be paid her by the first instrument should be paid to the defendant herein on condition that he should place a suitable monument on the grave of two deceased daughters. William Kuhland died on or about December 5, 1895. Thereafter the defendant collected the amounts due on said policies, and paid to plaintiff the part thereof given to her under the instrument of February, 1892, less the said five hundred dollars directed by said modification, and he erected the monuments mentioned therein, which cost about five hundred dollars. Upon the payment of said money to plaintiff, she, on June 3, 1897, executed

to defendant the following instrument in writing: ''Received from L. W. Kuhland, in full of all demands, all moneys due me on account of life insurance policies of my father, William Kuhland''; and plaintiff testified that at the time she executed that instrument her brother said, ''Now you and I are released in this and our business is ended.'' Nothing more was done by either party touching the matter of the insurance money until seven years afterwards, when plaintiff brought this action to recover the five hundred dollars and interest, upon the theory that the original instrument of 1892 could not be legally modified without the written consent of plaintiff as beneficiary therein. She avers in her complaint that she did not discover the facts of the execution of said instrument of 1892, and its modifications, until within a short time, less than three years, before the commencement of this action. The court found, however,—and upon sufficient evidence to sustain the finding—that plaintiff ''was present when said direction was given for said modification being made in writing and consented to such modification and alteration relating to the amount of money to be paid her from said funds.'' The court also found that ''it is not true that plaintiff never discovered the true facts in this case until on or about the first day of September, 1903; but immediately after the death of said William Kuhland, to wit: On or about the fifth day of December, 1895, defendant informed plaintiff, and plaintiff has ever since had full knowledge of all the facts and circumstances in connection with this trust.''

Defendant pleaded, among other things, various sections of the statute of limitations, and particularly section 337, subdivisions 1 and 4 of section 338, and section 343 of the Code of Civil Procedure; and this plea of the statute of limitations constituted a perfect defense to this action. The giving of the written instrument by plaintiff to defendant on June 3, 1897, and the statement then made ._y defendant—as above set forth—clearly ended the trust relation, and any ordinary action by plaintiff founded on the former relation was barred unless brought within, at least, four years thereafter. Of course, when there is a good cause of action founded upon a recent discovery of fraud or mistake, it may be brought within three years after such discovery; but in the case at bar the court found, upon sufficient evidence, that there was no

such recent discovery of mistake, and that plaintiff knew all the facts of the case more than seven years before the commencement of this action.

The foregoing facts make it unnecessary to consider other points made by appellant; and certain exceptions taken by her to rulings of the court touching the admissibility of evidence are of no importance.

The judgment appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.