[Civ. No. 991.    First Appellate District.—June 20, 1912.]

## A. CUTHILL, Jr., Appellant, v. G. L. PEABODY, E. PEABODY and A. L. KENNEDY, Respondents.

COMPLAINT TO RECOVER PURCHASE PRICE OF STOCK—SUFFICIENCY OF PLEADING—WRITTEN CONTRACT OR CONTENTS NOT PLEADED—CAUSE OF ACTION.—Though a complaint in an action to recover the purchase price of corporate stock neither specifically alleges that the contract was in writing, nor sets out its contents *in haec verba*, yet where it alleges that the defendants promised and agreed to purchase said stock from plaintiff for the sum of $1,000, "after one year from February 11th, 1905," in the event that plaintiff desired to sell the same; that on February 11, 1906, plaintiff notified defendants that he desired to sell the stock at the price stated, and thereupon tendered the stock, duly indorsed for transfer, to the defendants, but that they refused to purchase or pay for the same as agreed, notwithstanding plaintiff had kept and performed all of the conditions required of him by the contract, it states a cause of action, and a demurrer thereto was improperly sustained.

ID.—CONTRACT WITHIN STATUTE OF FRAUDS—CONSIDERATION—PRESUMPTIONS OF LAW NOT REQUIRED TO BE PLEADED.—Though the contract alleged was within the statute of frauds, and was required to be in writing, yet presumptions of law are not required to be pleaded;

and in the present case the presumption that the contract was in writing necessarily followed from the allegation that it was made, and it follows that the written contract carries with it the presumption of a consideration, as matter of law; and the burden is cast upon the defendant to show the contrary, to avoid the contract. It was not necessary to a good complaint that the consideration of the contract should be alleged.

ID.—COMPLAINT NOT BASED UPON SPECIFIC PERFORMANCE—THEORY OF COMPLAINT—OPTION TO SELL STOCK—VESTING OF TITLE—RECOVERY OF PURCHASE PRICE.—The complaint is not based upon specific performance of a contract to sell personal property, and contains none of the essentials of such an action; but it proceeds upon the theory that the contract for the sale of the stock was fully executed upon the exercise of the option to sell, and that when the stock, duly indorsed for transfer, was tendered to the defendants, title to the same at once became vested in them, and upon their refusal to pay, the plaintiff, electing to consider the stock as sold, was entitled to recover the purchase price thereof.

ID.—ALTERNATIVE REMEDIES OF VENDOR OF PERSONAL PROPERTY.—Ordinarily, the vendor of personal property, upon the refusal of the vendee to take the property, may resort to one of three remedies, viz.: (1) Standing on the sale the vendor may retain the property for the vendee, and sue for the purchase price; (2) Acting as the agent of the vendee, the vendor may resell the property, and then sue to recover the difference between the contract price and the price obtained on the resale; or (3) The vendor may treat and keep the property as his own, and recover the difference between the contract price and the market price at the time and place of delivery.

ID.—OPTION TO PURCHASE A UNILATERAL CONTRACT—TRANSFORMING EFFECT OF MUTUAL EXERCISE OF OPTION.—Though the offer to purchase corporate stock was at its inception a mere offer to purchase, and therefore unilateral and lacking in mutuality, nevertheless, when, as alleged, the plaintiff promptly, upon the expiration of the time specified in the contract, exercised his option to sell, by an acceptance of the offer to purchase, and then made an immediate tender of the stock duly indorsed for transfer, the original contract was thereupon transformed from a mere offer to purchase into an absolute unconditional contract of purchase and sale.

ID.—TITLE TO STOCK TRANSFERRED UNDER CODE PROVISIONS.—The complaint is sufficient to show that the title to the stock was transferred to the defendants, and vested in them, as contemplated by the provisions of section 1411 of the Civil Code, under which an offer to perform an executory contract for the purchase and sale of personal property is tantamount to performance, and vests the title to the thing sold in the vendee. Under that section, the title to per-

sonal property is transferred, under an executory contract for the sale thereof, when the seller prepares the thing sold for delivery, and offers it to the buyer with the intent to transfer the title thereto to the buyer, which is clearly shown by the complaint in this case, which states a cause of action for the purchase price.

APPEAL from a judgment of the Superior Court of Alameda County.   J. D. Murphey, Judge Presiding.

The facts are stated in the opinion of the court.

Welles Whitmore, for Appellant.

Ira S. Lillick, for Respondents.

LENNON, P. J.—This is an appeal from a judgment rendered and entered in favor of the defendants upon an order sustaining defendants' demurrer to plaintiff's third amended complaint without leave to amend.

The plaintiff sought to recover from the defendants the sum of $1,000 as the purchase price of one hundred shares of the corporate capital stock of the Sunset Dredging and Development Company, which stock it is alleged the defendants contracted to buy from plaintiff.

The contract sued on is not alleged in the complaint to have been expressed in writing nor pleaded *in haec verba.* The gist of the action, however, is to be found in those allegations of the complaint wherein, in substance, it is averred that the defendants promised and agreed to purchase said stock from plaintiff for the sum of $1,000 "after one year from February 11th, 1905," in the event that plaintiff desired to sell the same; that on February 11, 1906, plaintiff notified defendants that he desired to sell the specified stock at the price stated, and thereupon tendered the stock, duly indorsed for transfer, to the defendants, but that they refused to purchase or pay for the same, as agreed, notwithstanding that the plaintiff had kept and performed all of the conditions required of him by the contract.

It is apparent that the defendants' demurrer was sustained upon the ground that the facts pleaded did not constitute a cause of action.

In support of the demurrer it is urged that the complaint is defective in not alleging that the contract in suit was founded upon an adequate or any consideration.

As a matter of pleading the plaintiff was not required to allege that the contract sued on was founded upon a consideration. To be valid under the statute of frauds the contract must have been in writing, and the law presumes that such a contract was in writing. Presumptions of law need not be pleaded; and in the present case the presumption that the contract was in writing necessarily followed the allegation of its making. (*Brennan* v. *Ford,* 46 Cal. 7; *Emerson* v. *Bergin,* 76 Cal. 197, [18 Pac. 264]; *Broder* v. *Conklin,* 77 Cal. 330, [19 Pac. 513]; *Regan* v. *Justice's Court,* 75 Cal. 253, [17 Pac. 195]; *Barnard* v. *Lloyd,* 85 Cal. 131, [24 Pac. 658]; *Bradford Inv. Co.* v. *Joost,* 117 Cal. 204, [48 Pac. 1083].)

Every contract expressed in writing carries with it the presumption of a consideration for its execution; and the burden of showing a want of consideration is upon the party who seeks to avoid the contract. (Civ. Code, secs. 1614, 1615; *Williams* v. *Hall,* 79 Cal. 606, [21 Pac. 965]; *Henke* v. *Eureka Endowment Assn.,* 100 Cal. 429, [34 Pac. 1089]; *Rogers* v. *Schulenburg,* 111 Cal. 281, [43 Pac. 899].) Presumptively the contract sued on in the case at bar was expressed in writing; and that being so, the further presumption that it was founded upon a consideration necessarily follows as a matter of law; and therefore it was not necessary to a good complaint that the consideration for the contract should be specifically pleaded.

The defendants' contention in this regard is based in part upon the assumption that the plaintiff is seeking relief by the remedy of specific performance, and that, therefore, plaintiff's complaint should allege and show not only an adequate consideration for the contract, but that as between the parties thereto it was fair and just.

The complaint, however, contains none of the essentials of a cause of action for the specific performance of a contract for the purchase of personal property; and as it is readily apparent from the allegations of the complaint that the plaintiff is not seeking specific performance of the contract, it will be neither necessary nor profitable to follow counsel for de-

fendants in his discussion of. what is required to constitute a good complaint in an action for specific performance.

Plaintiff's complaint evidently proceeds upon the theory that the contract for the sale of the stock was fully executed upon the exercise of the option to sell, and that when delivery of the stock, duly indorsed for transfer, was tendered to the defendants, title to the same at once became vested in them, and that upon their refusal to pay, the plaintiff, electing to consider the stock as sold, was entitled to recover the purchase price thereof.

Ordinarily, the vendor of personal property, upon the refusal of the vendee to take the property and pay the agreed price therefor, may resort to one of three remedies, viz.: (1) Standing on the sale the vendor may retain the property for the vendee and sue for the purchase price; (2) Acting as the agent of the vendee the vendor may resell the property, and then sue to recover the difference between the contract price and the price obtained on the resale; or (3) The vendor may treat and keep the property as his own, and recover from the vendee the difference between the contract price and the market price at the time and place of delivery. (2 Sedgwick on Damages, 8th ed., sec. 753; *Lewis* v. *Greider,* 49 Barb. 606; *Pollen* v. *LeRoy,* 30 N. Y. 549; *Dustan* v. *McAndrew,* 44 N. Y. 72.)

Of course, in a case where the title to the property contracted for has not passed to the vendee, the vendor, upon a breach of the contract, would have no cause of action for the purchase price. In such a case the vendor would be compelled to recoup his loss, if any, solely by an action for damages founded upon a breach of the vendee's contract to accept and pay for the property. (Civ. Code, sec. 3311.)

If in the present case the sale was completed, and the title to the property sold had actually or in contemplation of law passed to the defendants, plaintiff was within his rights in electing to sue for the purchase price of the stock; and the sufficiency of the facts stated in the complaint to constitute a cause of action for the recovery of the purchase price, rather than for damages for breach of contract, depends upon whether or not the pleaded facts show a completed sale, with title to the property sold in the defendants at the time the action was instituted. (Civ. Code, sec. 3310; *Lassing* v. *James,*

107 Cal. 348, [40 Pac. 534]; *Bement* v. *Smith,* 15 Wend.
(N. Y.) 493.)

While it may be conceded, as contended by counsel for de-
fendants, that the contract in controversy was at its inception
but a mere offer to purchase, and therefore unilateral and lack-
ing in mutuality, nevertheless if it be a fact, as alleged in the
complaint, that plaintiff promptly, upon the expiration of the
time specified in the contract, exercised his option to sell by
an acceptance of the offer to purchase, and then made an imme-
diate tender of the stock, duly indorsed for transfer, the
original contract was thereby and thereupon transformed from
a mere offer to purchase into an absolute, unconditional bind-
ing contract of purchase and sale; and from that time on,
if title to the stock had vested in the defendants, the plaintiff
was justified in treating and suing upon the completed transac-
tion as if it were an ordinary contract of purchase and sale.
(Civ. Code, sec. 3310; *Keller* v. *Ybarru,* 3 Cal. 147; *Lassing*
v. *James,* 107 Cal. 348, [40 Pac. 534]; *Los Angeles etc. Co.*
v. *Wilshire,* 135 Cal. 654, [67 Pac. 1086]; Cook on Stock-
holders, sec. 334; *Bement* v. *Smith,* 15 Wend. (N. Y.) 493;
Sedgwick on Damages, 282; *Struthers* v. *Drexel,* 122 U. S.
487–493, [30 L. Ed. 1216, 7 Sup. Ct. Rep. 1293].)

It seems clear to us that the allegations of the plaintiff's
complaint are sufficient to show that title to the stock was trans-
ferred to and vested in the defendants. By the provisions
of section 1411 of the Civil Code an offer to perform an execu-
tory contract for the purchase and sale of personal property
is tantamount to performance, and vests the title to the thing
sold in the vendee. That section in substance provides that
the title to personal property is transferred by an executory
contract for the sale thereof when the seller prepares the thing
sold for delivery, and offers it to the buyer with the intent
to transfer the title thereto to the buyer. That in substance
is what the plaintiff alleges he did in the case at bar; and
if it be true, as we think, that the defendants' original offer
to purchase was merged into a completed contract of sale by
the plaintiff's acceptance of the defendants' proposal, and
that a tender of delivery vested title in the defendants, then
it must follow that the plaintiff's complaint states a cause of
action for the purchase price of the stock. (*Orr* v. *Bigelow,*

20 Barb. (N. Y.) 21; *Bement* v. *Smith*, 15 Wend. (N. Y.) 493; *Lassing* v. *James*, 107 Cal. 348, [40 Pac. 534].)

The judgment appealed from is reversed, with instructions to the trial court to overrule the defendants' demurrer and require them to answer.

Kerrigan, J., and Hall, J., concurred.