[Civ. No. 4468.   First Appellate District, Division One.—March 20, 1923.]

ANNIE LOUISE WRIGHT et al., Appellants, v. WESTERN STATES LIFE INSURANCE COMPANY (a Corporation), Respondent.

[1] Life Insurance — Time of Payment — Election to Change — Notice by Mail—Receipt—Presumption.—Where a life insurance policy permits the insured, "by written notice to the company, at its home office," to elect that the net commutated value of the sums otherwise payable under the policy at the death of the insured be payable in cash, in an action on such policy an allegation in the complaint that the insured, at a specified date prior to his death, "by a written notice," inclosed in a sealed envelope, addressed to the company at its home office, with the postage thereon prepaid, and deposited in the United States postoffice, notified the company that he so elected, is sufficient to show compliance by the insured with the provisions of the policy. The receipt of such notice by the company being presumed, it is not necessary to so allege.

[2] Id.—Consent to Change—Construction of Policy.—The policy not having expressly provided that the right of the insured to elect to have the net commutated value of the policy payable in cash at his death should be inoperative without the consent or approval or agreement of the company, that right, created when the contract of insurance was executed, was absolute and irrevocable, and the insured's right to exercise the option did not change or vary the terms of the policy, so as to require the consent of the insurance company before it should become effective.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  E. P. Shortall, Judge.  Reversed.

The facts are stated in the opinion of the court.

Gerald C. Halsey and Frederic T. Leo for Appellants.

T. G. Crothers for Respondent.

ST. SURE, J.—This is an action to recover $4,325 from the defendant upon a life insurance policy issued upon the life of one William Edgerton Wright.  The policy conforms to the plan known to life insurance companies as an "in-

come protection policy," whereby in consideration of the payment of an annual premium for a period of years or until the death of the insured, an income of $25 per month for twenty years from and after the death of insured, with a provision for the payment to the insured of a life income of $25 per month beginning March 13, 1954, in case he then be living, and also a further provision for a life income for the insured in case of total disability. The policy provided for various options, one of which, the chief subject of dispute here, reads as follows:

"Options at the Death of the Insured. (Available during the insurance period as specified under provisions (1) and (h) on the reverse side hereof.)

"The insured, by written notice to the company, at its home office, . . . may elect that the net commuted value of the sums payable under this policy at the death of the insured (see general provisions, par. (h) on the reverse side hereof) shall be payable either in cash or as follows":

Paragraph (h), referred to above, fixes the commuted value of the policy at $4,325.

The real estate firm of which the insured was a member was first designated as the beneficiary, and thereafter plaintiffs were designated. The insured died July 3, 1921. Proofs of death were presented. Defendant acknowledged liability under the terms of the policy and issued its check to the beneficiaries for the first monthly payment. The beneficiaries returned the check, refused to accept the monthly payments and demanded cash payment of the net commuted value of the policy. The demand of plaintiffs being refused, this action followed. Plaintiffs' amended complaint alleges, among other things, the following:

"That on the fourth day of May, 1917, at said city and county, said William Edgerton Wright, by a written notice to defendant at its home office in said city and county, which said notice was deposited in the United States postoffice on said day in a sealed envelope addressed to defendant at its said office, and the postage thereon prepaid, stated to and notified defendant in writing that he elected that the net commuted value of the sums payable under said policy at his death should be payable in cash."

A general demurrer to the amended complaint was interposed. The trial court sustained the demurrer without

leave to amend, and judgment was entered against plaintiffs and in favor of defendant, from which judgment plaintiffs appeal.

The defendant, in support of the judgment, makes three points, as follows:

"1. That, even admitting the allegations of the complaint, the insured did not give notice either in the manner or form specified in the policy, of his election to change the terms of the policy;

"2. That the policy . should have been presented for indorsement of the change;

"3. Or, in lieu of such indorsement, the insured should have obtained the written agreement or assent of the company, signed by the president or secretary."

[1] Defendant's first point is that it is nowhere pleaded in the complaint that the alleged notice of the insured's election to change the mode of payment was ever given to or received by the defendant; that plaintiffs merely pleaded mailing of a notice and depend upon the presumption of law that it was received.

Under our system courts are told to construe pleadings with liberality. (Code Civ. Proc., sec. 452.) Pleadings are no longer to be strictly construed against the pleader, but are to be liberally construed with a view to promoting justice. (*Burian* v. *Los Angeles Cafe Co.*, 173 Cal. 625, 627 [161 Pac. 4].)

Defendant cites 20 R. C. L., section 5, page 344, to the effect that "where a contract requires notice, but does not specify the manner in which the notice is to be given, mere mailing of the notice is not sufficient unless it is received." *Kavanaugh* v. *Security Trust & Life Ins. Co.*, 117 Tenn. 33 [10 Ann. Cas. 680, 7 L. R. A. (N. S.) 253, 96 S. W. 499], and *Wheeler* v. *McStay*, 160 Iowa, 745 [L. R. A. 1915B, 181, 141 N. W. 404], also cited, state the same rule. The policy under consideration does not specify the manner in which notice is to be given, and we know of no law which inhibited plaintiffs from giving notice by mail. This being so, by grace of the presumption established by subdivision 24 of section 1963 of the Code of Civil Procedure, the pleading comes within the rule cited by defendant. For the mailing of the notice raises the presumption of receipt. (*Stockton etc. Works* v. *Houser*, 109 Cal. 1 [41 Pac. 809].)

And presumptions of law need not be pleaded. (*Cuthill* v. *Peabody,* 19 Cal. App. 304 [125 Pac. 926], and cases cited therein.) Of course, the presumption is not conclusive, but upon such issue made and tried, evidence may be received for the purpose of establishing the fact of both the mailing and the receipt of the notice. It would seem that the defendant's objection to the pleading is completely overcome by the provisions of our statute and the rule making it unnecessary to plead presumptions of law.

Summarized, defendant's remaining contentions amount to this:

[2] The conceded right of election given to the insured contemplates a change in the policy and is wholly ineffectual unless consented to or agreed to in writing by the insurer.

Plaintiffs argue, in reply, that as the right of election is expressly provided for by the terms of the policy itself, it is therefore unnecessary to secure the consent of the insurer in any form.

Defendant calls our attention to several instances wherein the policy gives to the insured absolute rights or options, and insists that the exercise of any one of these options involves a change in the policy and requires written request or notice and written consent or indorsement by the insurer. An examination of the policy shows that the provision converting the policy from a *life* policy to a *disability* policy provides that "the company *will agree by indorsement in writing on this contract,*" etc. The provision relating to loans reads, in part, "the company will advance *on the execution of a proper loan agreement and upon proper assignment and delivery of this policy,*" etc. The provision relating to "cash value" provides that "*upon written request . . . and on surrender of this policy the company will,*" etc. And "change of beneficiary" may be made "*by filing written notice thereof at the home office of the company, accompanied by the policy for suitable indorsement thereon,*" etc. The policy further provides that "no assignment hereof shall be binding upon the company *unless made by an instrument in writing indorsed upon this policy or attached hereto,*" etc. There is also a general provision, upon which stress is laid by defendant, that "no agent can make, alter, or discharge this policy or extend the time for payment of premiums, nor can the policy be varied

or altered or its conditions waived or extended in any respect except by the written agreement of the company, signed by the president or secretary." On the back of the policy is printed "Options at death of insured," from which we have hereinbefore quoted and which forms the basis of plaintiffs' claim. There also appears on the reverse side of the policy the caption "Register of change of beneficiary," and thereunder the words "Note—No change, designation or declaration shall take effect until indorsed on this policy by the company at the home office."

We think it significant that in the several provisions from which we have quoted and italicized clauses, the policy makes explicit requirements for *"indorsement in writing," "execution of proper agreement and proper assignment and delivery," "surrender of policy,"* etc. In each instance the language used is apt and free from ambiguity. If it had been the intention of the insurer that the option giving the right to prefer payment of the commuted value should be inoperative without consent or approval or agreement by indorsement or otherwise, it would have been a simple matter to have said so. In the absence of any such particular provision or requirement, and considering that a contract of insurance is to be interpreted by the same rules as are other contracts (*Schroeder* v. *Imperial Ins. Co.*, 132 Cal. 18 [84 Am. St. Rep. 17, 63 Pac. 1074]) ; that the option was an absolute, irrevocable right in the insured's favor which he could claim or not as he pleased; that the option was created when the contract was executed, and that the insured's election under same neither could nor did alter, change, or vary the policy, we are led to the inevitable conclusion that the defendant's contention is wholly without merit. We adopt plaintiffs' view as to the paragraph on the reverse side of the policy appearing under the caption "Register of change of beneficiary." We think it should be given no effect beyond the subject matter of the heading to which it is appended as a note.

The judgment appealed from is reversed, with directions to the trial court to overrule the defendant's demurrer and require it to answer.

Tyler, P. J., and Richards, J., concurred.