[L. A. No. 15106.   In Bank.—October 20, 1936.]

JESSICA A. JOHNSON, Appellant, v. EDITH BOYD-
STON CLARK, Respondent.

H. A. I. Wolch for Appellant.

Robert J. Sullivan for Respondent.

SEAWELL, J.—The court below sustained defendant's demurrer to the first cause of action set forth in the second amended complaint without leave to amend. The complaint contained a second cause of action in the form of a common count for money had and received, to which defendant did not demur. From the judgment thereafter entered for defendant that plaintiff take nothing upon her complaint after the demurrer sustained to the first cause of action only, plaintiff prosecutes this appeal.

We are of the view that the first cause of action was good against general demurrer. The allegations of said first cause of action in substance are as follows: Plaintiff and defendant are sisters, and a relation of confidence existed between them, and plaintiff reposed personal confidence in defendant in the transaction detailed in the complaint. Plaintiff owned a retail store, selling women's apparel. She was solvent, she alleges, and she drew from said business the sum of $40 a week as her salary. On March 11, 1931, defendant by written agreement agreed to pay plaintiff $350 a month for the rest of plaintiff's life, or until her marriage, in consideration of plaintiff transferring said business to defendant, in trust to operate and conduct the business for the benefit of plaintiff, thereby relieving plaintiff "from the cares and worries of the said business". The reasonable value of the business, plaintiff alleges, was $15,000 on the date of transfer to defendant.

Concurrently with this transfer, plaintiff and defendant executed the agreement providing for payment of $350 to plaintiff, which agreement was prepared by defendant's attorney, and is set forth *in haec verba* in the complaint. Said instrument recites that whereas plaintiff has no income, and defendant desires that she should have an allowance, therefore in consideration of love and affection defend-

ant agrees to pay plaintiff; or deposit in a named bank for her account, $350 a month during the lifetime of plaintiff, or until the marriage of plaintiff. Defendant reserved the right to terminate payments if plaintiff solicited a further allowance. The agreement also provided that if defendant's income was curtailed, and she found it necessary to lower said allowance for any period of time, she might do so "without claim of any sort from Second Party [plaintiff] for damages or otherwise, upon giving Second Party thirty days notice that such allowance will be curtailed or lessened".

It is further alleged that defendant, being in possession as trustee for plaintiff, has sold said property to persons unknown to plaintiff. Defendant refuses to disclose to plaintiff the sum received from the sale, "or to make any accounting of the proceeds of the disposition of said trust property and business", but has retained the proceeds with intent "to defraud the plaintiff of said property and the fruits thereof", and of the sum of $350 a month. Ever since January 1, 1933, defendant has failed to pay this sum to plaintiff. The complaint was filed on October 9, 1934.

Plaintiff seeks to hold defendant to account for the proceeds of property which, in the theory of plaintiff, defendant held in trust for her. It is alleged that the business was transferred to defendant by instrument in writing which was composed by defendant and is now in her possession. The terms of the instrument are not described. There is no allegation that it set up a trust.

The agreement for payment of $350 a month to plaintiff is set forth *in haec verba* in the complaint. We have heretofore summarized its provisions in setting forth the allegations of the complaint. Plaintiff does not seek a reformation of said instrument to express a trust. The only particular in which she alleges it failed to embody their understanding is that the expressed consideration of love and affection for defendant's promise of monthly payments to plaintiff was not the true consideration, which was the transfer by plaintiff of her business to defendant. This agreement does not provide for payment of the $350 from the business. It contains no reference whatsoever to the business. In the light of plaintiff's allegation that the consideration for defendant's agreement was the transfer by

plaintiff of her business, the terms of said agreement are inconsistent with a transfer of said business in trust to defendant, and consistent only with an absolute transfer. Plaintiff may have expected that the sum of $350 would in fact be paid in whole or in part from the proceeds of the business. But defendant's agreement was not to hold and manage said business as trustee for plaintiff, but to pay plaintiff $350 a month without reference to the business. The allegations of the complaint to the effect that defendant agreed to hold and operate said business in trust for plaintiff's benefit, are negatived by the terms of the written contract to which their agreement was reduced, which is set forth in the complaint.

But it does not follow from the fact that plaintiff fails to allege a trust based on agreement therefor, either written or oral, between her and her sister, that the complaint fails to state a cause of action. Constructive trusts are implied by law to prevent fraud in the absence of an agreement for a trust. Constructive trusts are ''fraud rectifying'' trusts, and not ''intent-enforcing'' trusts. (Costigan, The Classification of Trusts as Express, Resulting and Constructive, 27 Harvard Law Rev. 437; 3 Bogert, Trusts and Trustees, p. 1453, sec. 471.)

The consideration for the transfer of the business to defendant, as alleged in the complaint, was defendant's promise to pay plaintiff $350 a month for her support. Plaintiff alleges that since January 1, 1933, defendant has failed to pay her said sum. Ordinarily a grantor who has executed a deed absolute or other executed transfer in consideration of promises of the grantee is not entitled to rescind upon failure of consideration arising from the grantee's failure to fulfill his promises, but is limited to his right of action for damages for breach of contract. (*Lawrence* v. *Gayetty,* 78 Cal. 126 [20 Pac. 382, 12 Am. St. Rep. 29]; *Williams* v. *Reich,* 123 Cal. App. 128, 131 [10 Pac. (2d) 1030]; 4 Cal. Jur. 785.) However, an exception to this rule is made in many jurisdictions where the consideration for the deed or transfer is the grantee's promise to support the grantor. (5 Pomeroy's Equity Jurisprudence, 2d ed., p. 4755, sec. 2108; note, 34 A. L. R. 136; 25 Cal. Jur. 173; 4 R. C. L. 509; 6 Cal. Law Rev. 309.) The reasons assigned for this exception are various, that the remedy

of legal relief by periodic suits for damages is manifestly inadequate; that the grantee's failure to perform his obligation gives rise to a legal presumption of fraudulent intent at the time of procuring the conveyance; that the grantee's promise is a condition subsequent on breach of which the grantor has the right of reentry. (5 Pomeroy's Equity Jurisprudence, *supra;* 6 Cal. Law Rev. 309.)

■ In the instant case defendant's promise to pay plaintiff $350 a month is not unconditional. The agreement expressly provides that if defendant's income is curtailed she may lower the allowance without any claim of plaintiff for damages or otherwise, upon giving plaintiff thirty days' notice. Plaintiff alleges that since January 1, 1933, defendant has failed to pay her the sum of $350 as provided in the agreement. She does not allege whether defendant has given her notice of curtailment of the allowance. If it be conceded that plaintiff, in order to set forth a breach of contract for her support, should have alleged that defendant failed to give notice, and that allegations as to such notice were not a matter of defense, nevertheless we are of the view that the complaint states a cause of action.

■ Plaintiff and defendant are sisters. The relation between sisters is not *presumed* to be confidential, as is the relation between husband and wife, parent and child, attorney and client, but a confidential relation between sisters may be shown to exist. (*Odell* v. *Moss,* 130 Cal. 352, 356 [62 Pac. 555]; Id., 137 Cal. 542 [70 Pac. 547]; *Cox* v. *Schnerr,* 172 Cal. 371, 378 [156 Pac. 509]; 12 Cal. Jur. 716, 822.) Blood relationship is an important factor in determining whether in fact a confidential relationship existed. (*Odell* v. *Moss, supra.*) Where it is established as a fact that a confidential relation exists between sisters, the rules governing confidential relations apply, and a presumption of undue influence arises from any transaction by which the person in the superior position gains an advantage over the other. (*Odell* v. *Moss, supra; Brison* v. *Brison,* 75 Cal. 525 [17 Pac. 689, 7 Am. St. Rep. 189]; *Brown* v. *Canadian Industrial Alcohol Co.,* 209 Cal. 596, 597 [289 Pac. 613]; 12 Cal. Jur. 711, 818–820; sec. 2235, Civ. Code.) Such transactions are constructively fraudulent, and the burden is cast upon the party who has gained

the advantage to show fairness and good faith in all respects. (*Cox* v. *Schnerr, supra; Magee* v. *Brenneman,* 188 Cal. 562, 567 [206 Pac. 37]; *Campbell* v. *Genshlea,* 180 Cal. 213 [180 Pac. 336].)

In the instant case it is expressly alleged that defendant assumed a relation of personal confidence with plaintiff, and plaintiff reposed full confidence in defendant. Giving full credence to the allegations of the complaint, as we must in passing on the demurrer thereto, it appears that the effect of the transfer by plaintiff to defendant of a business alleged by plaintiff to be of the reasonable value of $15,000 left plaintiff ''with no income of her own''. The agreement signed by defendant so recites. In consideration of the transfer to her defendant did not agree absolutely and unconditionally to pay plaintiff $350 a month, but reserved the right to lower said allowance for any period of time upon giving thirty days' notice, without any claim of any sort from plaintiff for damages or otherwise. It is readily apparent plaintiff must have reposed great confidence in defendant to have been willing to transfer her business to defendant, and thus leave herself without means of support, in reliance on this qualified promise of defendant. Plaintiff alleges that defendant retains the proceeds of the sale of the business, with intent to defraud plaintiff of said property and of the sum of $350 a month. The transaction set forth in the complaint is governed by the rules pertaining to persons occupying confidential relations, and is presumed to be fraudulent without other allegations of fraud in the complaint. Presumptions of law need not be averred in the complaint. (*Henke* v. *Eureka Endowment Assn. of California,* 100 Cal. 429 [34 Pac. 1089]; *Cuthill* v. *Peabody,* 19 Cal. App. 304 [125 Pac. 926]; *Wright* v. *Western States L. Ins. Co.,* 61 Cal. App. 488 [214 Pac. 990].) The burden is cast upon defendant to allege and prove the fairness of the transaction.

Where a transfer has been obtained through fraud, actual or constructive, it will be set aside at the instance of the grantor, and the grantee will be deemed to hold as a constructive trustee for the grantor. (*More* v. *More,* 133 Cal. 489 [65 Pac. 1044, 66 Pac. 76]; *Donnelly* v. *Rees,* 141 Cal. 56 [74 Pac. 433]; *Pacific Nat. Bank* v. *Corona Nat. Bank,* 113 Cal. App. 366, 370 [298 Pac. 144]; 3 Bogert,

Trusts and Trustees; p. 1456, sec. 472; p. 1464, sec. 473; 25 Cal. Jur. 146.) Where the property has been sold, as alleged in the instant complaint, the grantor may hold the grantee for the proceeds of the sale. (*Noble* v. *Noble*, 198 Cal. 129 [243 Pac. 439, 43 A. L. R. 1235]; *Corey* v. *Struve*, 170 Cal. 170 [149 Pac. 48]; sec. 2237, Civ. Code; 25 Cal. Jur. 207.) Or he may sue for the reasonable value of the trust property. (*Lasher* v. *Faw*, 209 Cal. 726, 735 [289 Pac. 821]; *Swan* v. *Talbot*, 152 Cal. 142 [94 Pac. 238, 17 L. R. A. (N. S.) 1066]; 4 Cal. Jur. 798; 25 Cal. Jur. 206; 3 Bogert, Trusts and Trustees, p. 1463, sec. 472.)

The complaint is framed on the theory of an express agreement by defendant to hold the property in trust for plaintiff, which theory is revealed to be untenable by the written agreement set forth in the complaint, rather than with the object of setting up a constructive trust based on fraud or undue influence in the procurement of the contract. But a complaint is invulnerable to general demurrer if on any theory it states a cause of action. (*Zellner* v. *Wassman*, 184 Cal. 80 [193 Pac. 84]; *Martin* v. *Hall*, 219 Cal. 334 [26 Pac. (2d) 288]; *Harris & Hull* v. *McCarty etc. Corp.*, 102 Cal. App. 461 [283 Pac. 111].) In *Martin* v. *Hall, supra*, cross-complainant sued to recover damages for breach of contract, with a prayer for general relief. The instrument relied on was too uncertain and incomplete to constitute a binding contract, or give rise to a cause of action for damages for breach of contract. But by reason of this uncertainty cross-complainant was entitled to recover the sum of $5,000 paid upon the incomplete agreement.

Defendant did not demur specially on the ground that the complaint was uncertain or ambiguous in that it was framed on the theory of an express trust, and contained allegations appropriate to such a trust, when in fact it set forth only a constructive trust. Specification must be made of the grounds on which a complaint is subject to special demurrer. (21 Cal. Jur. 113, citing cases.) As to the grounds of special demurrer urged by defendant, we are of the view that said grounds are not well taken, and defendant states in her motion to dismiss the appeal taken by plaintiff from the judgment that she "rests solely upon the general demurrer to the complaint. If the complaint

states a cause of action respondent concedes that the cause ought to be reversed.''

The judgment entered for defendant after sustaining of the demurrer is reversed.

Curtis, J., Langdon, J., Thompson, J., and Waste, C. J., concurred.