[L. A. No. 17114. In Bank.—March 26, 1940.]

JOHN H. KNAPP, Appellant, v. CHARLES W. KNAPP et al., Respondents.

Ray D. Johnson, Cyril F. Marelia and William T. Eckhoff for Appellant.

Childers & Roberts for Respondents.

EDMONDS, J.—The appellant asserts that he has a cause of action for the recovery of his share of the proceeds from the sale of certain real estate once owned by him and his brother, Charles W. Knapp, one of respondents. He sued to secure an accounting and exemplary damages. The demurrer to his complaint was sustained without leave to amend, and the judgment appealed from followed that order.

The amended complaint alleges the following facts: The appellant and Charles W. Knapp are brothers. In 1911 they were the sole owners, in equal undivided shares, of certain real property, record title to which was taken in the names of the brother and his wife, who took the title to the appellant's undivided one-half interest as trustee for him. Shortly thereafter the appellant left California and since has not been in the state.

About January 1, 1917, the respondents represented to the plaintiff, who was then in Illinois, that they had sold the property for the sum of $4,000 and forwarded to him a promissory note for $2,000 endorsed across the face: "In full settlement for J. H. Knapp's interest in Cucamonga Cal. orange grove which was owned by payer and payee hereto." According to its terms, the holder might extend the time of payment without notification to the maker.

By other allegations, the appellant charges that he believed these representations and accepted the promissory note. However, as he now knows, the representations were in fact untrue, and the note was sent to him as part of a fraudulent scheme on the part of the respondents to abscond with the money realized from his interest in the sale of the property from which they realized more than $10,000. The true facts concerning the sale of the land were only discovered by him about October 1, 1938, during the preparation for trial of a suit upon the promissory note. Until that time, he says, he had "no knowledge, information or suspicion of the falsity of said representations, nor of the existence of any of the facts or circumstances in connection with the transaction . . . ".

In addition to the demand for an accounting, the appellant asks judgment for $20,000 as exemplary damages.

The respondents demurred upon a number of grounds. They specify that the action is barred by section 338, subdivision 4, section 343, and section 339, subdivision 1, of the Code of Civil Procedure; that the plaintiff has been guilty of laches; that there is another suit pending between the same parties for the same cause; and that there is a misjoinder of parties defendant, in that it appears from the complaint that Florence R. Knapp never had any interest in the property. As against these contentions, the appellant asserts that in the case of a voluntary trust, the statute of limitations does not commence to run until the equitable owner acquires knowledge of its repudiation, and that mere lapse of time does not affect the rights of the equitable owner. He also maintains that the three-year statute limiting action for fraud or mistake has not run upon his cause of action because he filed suit within ten days after his discovery of the facts constituting the fraud.

The respondents assert that the demurrer was well taken because the complaint shows no excuse for the delay in bringing the action. They point out that there is no direct allegation that appellant had any confidence in his brother, and that his recitals concerning his reliance upon his brother because of family relationship refer only to his acceptance of the note in 1917. They also assert that the complaint does not state a cause of action upon the theory of a resulting trust because there is no allegation that the appellant ever paid any part of the consideration for the property in which he now claims an interest. Further, they say, that so far as appears in the complaint, the property may have been sold at a loss. Another point raised in support of the demurrer is that there is no offer on the part of the appellant to do equity.

According to the allegations of the complaint, "on or about February 14th, 1911, plaintiff and defendant Charles W. Knapp became and were the sole owners, in equal undivided shares, of certain real property and . . . that the record title to said real property was taken in the names of defendants; that defendants and each of them took such record title to plaintiff's undivided one-half interest therein, the income therefrom and to the proceeds thereof in trust and as

trustees for plaintiff''. These allegations fall far short of the facts from which the law will imply a resulting trust (*Woodside* v. *Hewel,* 109 Cal. 481 [42 Pac. 152] ; *Simpson* v. *Gillis,* 1 Cal. (2d) 42 [32 Pac. (2d) 1071] ), but in the absence of a special demurrer may be sustained as sufficient to allow proof of an express trust made for the benefit of the appellant as trustee.

However, such pleading is not to be commended, particularly in the statement of a cause of action based upon transactions occurring more than twenty-five years ago; it adds difficulties and delay to litigation and tenders issues framed with scant facts. ■ One who has a cause of action should frankly state the facts upon which he relies and not bring them out of a fog of doubt and uncertainty only when required by the lash of a special demurrer.

■ But if the respondents were ever trustees for the benefit of the appellant, that relationship terminated when the trust property was sold. The appellant knew of the sale. A note was given to him representing the amount which the trustees claimed was his share of the proceeds. At any time before the termination of the trust, the appellant could have demanded an accounting, because while the trust remains in effect there is a continuing duty on the part of the trustee to account (*Lezinsky* v. *Mason Malt M. W. Co.,* 185 Cal. 240 [196 Pac. 884] ; *Benoist* v. *Benoist,* 178 Cal. 234 [172 Pac. 1109] ; *Pearl* v. *Pearl,* 177 Cal. 303 [177 Pac. 845] ; *Lamb* v. *Lamb,* 171 Cal. 577, 578 [153 Pac. 913] ; *Sacramento Bank* v. *Murphy,* 158 Cal. 390 [115 Pac. 232] ; *Norton* v. *Bassett,* 154 Cal. 411 [97 Pac. 894, 29 Am. St. Rep. 162] ), and the statute of limitations does not ordinarily begin to run upon a cause of action until it is terminated. (*Marston* v. *Kuhland,* 151 Cal. 102 [90 Pac. 188] ; *Chapman* v. *Bank of California,* 97 Cal. 155 [31 Pac. 896].) But not having taken any steps for more than twenty years to challenge the accounting made by the trustee, the statute of limitations has run upon that cause of action.

■ However, his complaint goes further than one for an accounting. The respondents are charged with having made fraudulent representations inducing him to accept a note for $2,000 although the property was sold for a sum in excess of $10,000. These allegations assert a cause of action which

242

it is claimed did not accrue until the discovery of the facts concerning the fraud. (Sec. 388, Code Civ. Proc.)

The form of such action is immaterial. (*Lightner Min. Co. v. Lane,* 161 Cal. 689 [120 Pac. 771, Ann. Cas. 1913C, 1093].) But a plaintiff who sues to recover damages for fraudulent representations made more than three years prior to the commencement of his action is required to affirmatively plead that he did not discover the facts constituting the fraud until within the statutory period of limitation. He must also allege when and how the facts concerning the fraud became known to him. A further element of his cause of action is a statement of facts showing that he had no notice or means of knowledge which, if followed by inquiry, would have shown the true facts. (*Lady, Washington C. Co. v. Wood,* 113 Cal. 482 [45 Pac. 809]; *Consolidated R. & P. Co. v. Scarborough,* 216 Cal. 698 [16 Pac. (2d) 268]; *Turner v. Liner,* 31 Cal. App. (2d) 196 [87 Pac. (2d) 740].) However, the latter requirement has been relaxed in cases involving confidential relationship, because facts which justify investigation in the ordinary case would not excite suspicion where the circumstances show a right to rely upon the representations of another and the same degree of diligence should not be required. (*Rutherford v. Rideout Bank,* 11 Cal. (2d) 479 [80 Pac. (2d) 978, 117 A. L. R. 383]; *Barron Estate Co. v. Woodruff Co.,* 163 Cal. 561 [126 Pac. 351, 42 L. R. A. (N. S.) 125]; *Tarke v. Bingham,* 123 Cal. 163 [55 Pac. 759]; *Lataillade v. Orena,* 91 Cal. 565 [27 Pac. 924, 25 Am. St. Rep. 219].)

■ The appellant is entitled to the benefit of this exception to the general rule. As has been stated, the allegations of the complaint are unsatisfactory, but they charge that for some years the respondents were the trustees of an express trust in his favor. One of their duties in that relationship was to honestly account for the trust property; and the appellant was entitled to rely upon their report to him without making any independent investigation. Moreover, although family connection alone is not sufficient to support a finding of a confidential relationship, it may be considered with other evidence upon that issue. (*Johnson v. Clark,* 7 Cal. (2d) 529 [61 Pac. (2d) 767]; *Odell v. Moss,* 137 Cal. 542 [70 Pac. 547].)

Nor is the plea of another action pending available to the respondents as a ground for their demurrer. The suit alleged to have been previously brought is said to be one upon the promissory note. This is not the same cause of action as the one here sued upon and does not constitute a bar to it.

Because of these conclusions, the other points made by the respondents do not require discussion. The judgment is reversed with directions to overrule the respondents' demurrer and allow them to answer.

Gibson, J., Shenk, J., Carter, J., Curtis, J., and Waste, C. J., concurred.

Houser, J., concurred in the judgment.

Rehearing denied.