LEONARD BUTZ v. THE OHIO FARMERS' INSURANCE COMPANY (A FOREIGN CORPORATION).

*Fire insurance—Policy—Foreclosure of mortgage lien.*

Where the agent of an insurance company had full knowledge of the existence of an *overdue* mortgage upon property, and issued a policy thereon, from which a clause making the loss, if any, payable to the mortgagee, was omitted by his own mistake, the insured being ignorant of the English language and relying upon such agent in the premises, the mere commencement of foreclosure proceedings upon said mortgage will not avoid the policy under a clause providing for such a result in case proceedings were taken to foreclose any lien upon the property. *Mich. State Ins. Co. v. Lewis,* 30 Mich. 47, 48.

Error to Tuscola. (Beach, J.) Argued June 28, 1889. Decided July 11, 1889.

*Assumpsit* upon an insurance policy. Defendant brings error. Affirmed. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*Barkworth & Cobb,* for appellant.

*T. W. Atwood,* for plaintiff.

CAMPBELL, J. Plaintiff recovered below on a policy of fire insurance, the defense set up being a forfeiture under a mortgage. The policy contained provisions to the effect that if the property be—

"Sold or transferred or incumbered by mortgage or otherwise without the written consent of this company, or if proceedings to foreclose any lien shall be commenced in any way, or notice thereof shall be given, or if said property, or any part thereof, shall be levied upon, or any changes take place in the title or possession, whether by legal process, judicial decree, or voluntary transfer, then, and in every such case, this insurance shall be void."

The breach of condition alleged was that, before the loss, proceedings were taken to foreclose a lien.

The policy was dated September 18, 1886, and was to run till September 18, 1889. The loss was on April 14, 1888. The foreclosure suit was begun August 25, 1887, in chancery, and a decree was rendered in September, 1887, for a sale after September 1, 1888.

It appeared that Mr. Gibbs, defendant's local agent, had insured the same premises before in other companies, and had been fully informed of the mortgage, and had made the insurance payable to the mortgagee as her right should appear. It is also shown by the testimony of Mr. Gibbs that the omission of that clause in this policy was accidental, and not intended. Plaintiff testified to his own ignorance of English, and his reliance on the agent for correct information, which he claims was not given him. The mortgage had been overdue for some years before the policy was issued.

We do not see any essential difference between this case and that of *Mich. State Ins. Co. v. Lewis*, 30 Mich. 41, 47, 48. The mortgage was known to be overdue, and liable to foreclosure at any time, while the mortgagor could not be deprived of any of his possessory rights or rights of redemption until the sale, which could not be earlier than the fall of 1888. There could be no change affecting title or possession till that time, and there could be very little object in procuring and paying for insurance that might be avoided within 24 hours if the defense is available. It was said in that case that the mere commencement of a foreclosure under such circumstances would not avoid the policy, and we are not inclined to depart from that doctrine.

It is unfortunate that the record does not show more fully the documents relied on. It is left in doubt by the return whether the defendant was not notified in writing of the whole title, and of the purpose to protect the mortgage-interest. But we have enough to show that the existence of

the mortgage was not, by itself, of any effect in impairing the policy, and the destruction of it by the beginning of foreclosure would be a consequence not reasonable, and not to be inferred without convincing provisions, which we do not discover, as changing the former decision of this Court.

We think the judgment should be affirmed.

The other Justices concurred.