HARTFORD FIRE INSURANCE COMPANY v. JOHN B. CLAYTON.

Delivered December 11, 1897.

1. **Fire Insurance Policy—Stipulation Avoiding.**

A clause in a policy of insurance stipulating that it shall be void if foreclosure proceedings are instituted by virtue of any mortgage or deed of trust, is valid, and if breached the policy will be avoided.

2. **Same—Stipulation Not Waived.**

A clause in a policy of fire insurance forfeiting the same, if, with the knowledge of the insured, foreclosure proceedings be instituted by virtue of any mortgage or deed of trust, is not waived by the fact that the insurer knew of the mortgage when it issued the policy and that the mortgage debt would mature during the life of the policy.

APPEAL from the County Court of Hunt. Tried below before Hon. W. H. RAGSDALE.

*Harris, Etheridge & Knight,* for appellant.—There can be no recovery upon a policy of insurance which stipulates that "this entire policy shall

be void, if, with the knowledge óf the insured, foreclosure proceedings be commenced by virtue of any mortgage or deed of trust." Ins. Co. v. Freeman, 33 S. W. Rep., 1091; Titus v. Ins. Co., 81 N. Y., 410; Armstrong v. Ins. Co., 29 N. E. Rep., 991; Quinlan v. Ins. Co., 31 N. E. Rep., 31; McKinney v. Ins. Co., 30 S. W. Rep., 1004; Meadows v. Ins. Co., 17 N. W. Rep., 600; Ins. Co. v. Gottman, 48 Pa. St., 151.

*Neyland & Neyland,* for appellee.—Where a policy of insurance is issued to a person with the provision: "Loss, if any, payable," to another person (being in written portion of the policy), the company issuing the policy is put on notice that the claim of the beneficiary in the policy may, and likely will, mature prior to the expiration of the policy, and by the execution and delivery of said policy it waives the printed provision in the policy that it shall be "void in the event suit to foreclose" the lien of the beneficiary is brought during the life of the policy. Butz v. Ins. Co., 42 N. W. Rep., 1119; Ins. Co. v. Lewis, 30 Mich., 41; Billings v. Ins. Co., 52 N. W. Rep., 397; 2 Beach on Ins., secs. 690, 714 (last section refers to 101 Ind., 392); Ech v. Ins. Co., 43 N. W. Rep., 227.

RAINEY, ASSOCIATE JUSTICE.—John B. Clayton, appellee, sued the Hartford Fire Insurance Company, appellant, on a policy issued by said insurance company, to and covering property belonging to one R. N. Bragg. The policy contained a stipulation that the "loss, if any, was payable to" appellee "as his interest might appear." Said policy further contained the following stipulation: "This entire policy shall be void if, with the knowledge of the insured, foreclosure proceedings be commenced by virtue of any mortgage or deed of trust."

At the time of the issuance of the policy there was a mortgage existing on said property, given by said Bragg to said Clayton, appellee, which was known to said insurance company, and it also knew that the notes, to secure which said mortgage was given, would mature during the life of the policy. The property insured was destroyed by fire. A few days before the fire appellee Clayton brought suit against Bragg on the notes and to foreclose the mortgage, of which proceedings said Bragg had notice before the fire. The insurance company was ignorant of the foreclosure proceedings until after the fire.

The only question raised in this case is, whether or not the institution of the foreclosure proceedings, under the facts of this case, avoided the policy?

The clause in the policy stipulating that it shall be void if foreclosure proceedings are instituted by virtue of any mortgage or deed of trust, is a valid clause, and if breached the policy will be avoided; and, in order to be relieved of such a breach, the insured must show that said clause was waived by the insurance company, or that the company is estopped from pleading the same. The fact that the insurance company knew that the notes for which the mortgage was given to secure would mature before the termination of the policy, does not affect said clause, and can

not be construed to be a waiver of same. The weight of authority is to the effect that knowledge of insurance companies of the existence of a mortgage will not prevent a forfeiture, where there is a breach of such clause. Titus v. Ins. Co., 81 N. Y., 410; Armstrong v. Ins. Co., 29 N. E. Rep., 991; Quinlan v. Ins. Co., 31 N. E. Rep., 31; McKinney v. Ins. Co., 30 S. W. Rep., 1004; Meadows v. Ins. Co., 17 N. W. Rep., 600; Ins. Co. v. Gottman, 48 Pa. St., 151.

These authorities accord with our views as to the proper construction to be given such a contract.

The case having been tried by the court without a jury, and there being no dispute as to the facts, the judgment of the court below is reversed, and judgment is here rendered for appellant.

*Reversed and rendered.*