CAVANAUGH *v*. SANDERSON.

1. REPLEVIN—STATUTE—THEORY—MULTIPLICITY OF SUITS.
   The theory of our replevin statute (sections 10679, 10680, 3
   Comp. Laws), is to provide a remedy for settling the rights
   to the property in one suit, and to avoid a multiplicity of
   suits.

2. SUBROGATION — MORTGAGES — FORECLOSURE SALE — RIGHTS OF
   PURCHASER.
   A sale under a mortgage irregular or void for any reason does
   not discharge the mortgage debt, but places the purchaser at
   such sale in the position of the mortgagee, and by virtue of
   his purchase he succeeds to the rights of the mortgagee.

3. REPLEVIN—QUASHAL—EFFECT—JUDGMENT—CROSS-REPLEVIN.
   After the mortgagee of a horse had obtained possession by a
   writ of replevin and sold it under the mortgage, the proceed-
   ings in replevin were quashed, and the mortgagor brought
   replevin against defendant, into whose hands the horse had
   come by successive transfers. *Held*, that the mortgagor's
   remedy was by taking judgment in the original action under
   the statute, that the suit against the purchaser was a cross-
   replevin and not maintainable.

4. CHATTEL MORTGAGES—FORECLOSURE—PROPRIETY.
   Where a mortgagee, entitled to possession of the mortgaged
   chattels for the purpose of foreclosure, obtained possession
   by a valid writ of replevin upon filing a proper bond, he was
   entitled to foreclose immediately, and was not obliged to re-
   tain possession of the chattels at expense pending the out-
   come of the action of replevin.

Error to Jackson; Parkinson, J.   Submitted January
22, 1908.   (Docket No. 125.)   Decided March 31, 1908.

Replevin by William J. Cavanaugh against Albert B.
Sanderson.   There was judgment for plaintiff on a ver-
dict directed by the court, and defendant brings error.
Reversed and judgment entered for defendant.

*F. M. Hall* and *F. A. Lyon*, for appellant.

*Robert Campbell* (*Grove H. Wolcott*, of counsel), for
appellee.

This case is the outgrowth of *E. S. Knowles & Son* v. *Cavanaugh*, 144 Mich. 260. The statement there made need not be repeated here. The property (a horse) is the same property the right of possession to which was there involved. That case arose in justice's court, was appealed to the circuit court, and came to this court on writ of certiorari. This litigation arose in justice's court and has the same history. The litigation has already cost the parties several times more than the value of the property.

After Knowles & Son had obtained possession of the property, April 14, 1905, under the writ of replevin in that case, they gave notice of sale April 22, 1905, and sold it April 29, 1905. Mr. Knowles bid the property in at the sale, afterwards sold it to his nephew and the nephew sold it to defendant on May 15, 1905. October 4, 1905, the circuit court on special appeal entered judgment quashing the replevin proceedings. The judgment stated as follows:

"This judgment being without prejudice as to the disposition of the property or judgment for the return or its value and the rights of the mortgagor, which matters are hereby reserved."

On October 31, 1905, the case was removed to this court by writ of certiorari. October 21, 1905, plaintiff instituted this suit in replevin to recover the possession of the horse from the defendant.

The court directed a verdict for the plaintiff and assessed his damages at $68, being fifty cents per day for the time it was in possession of the defendant.

GRANT, C. J. (*after stating the facts*). 1. The theory of our replevin statute is to provide a remedy for settling the rights to the property in one suit, and to avoid a multiplicity of suits. 3 Comp. Laws, §§ 10679, 10680.

A sale under a mortgage irregular or void for any reason does not discharge the mortgage lien, but places the purchaser at such sale in the position of the mortgagee, and by virtue of his purchase he succeeds to the rights of the mortgagee. *Rose* v. *Page*, 82 Mich. 105; *Morse* v.

*Byam*, 55 Mich. 594; *Lyle* v. *Palmer*, 42 Mich. 314; *Gilbert* v. *Cooley*, Walk. Ch. (Mich.) 494.

The quashing of the proceedings in *E. S. Knowles & Son* v. *Cavanaugh*, supra, operated as a discontinuance (*Forbs* v. *Washtenaw Circuit Judge*, 23 Mich. 497), and left the defendant in position to avail himself of either remedy provided by the statute. If he was entitled to the return of the property, judgment would have been rendered for such return. Under a writ of execution for return, the officer could have seized the property in the possession of the defendant here and returned it to Mr. Cavanaugh. The defendant might have waived the return of the property and recovered judgment for damages. The defendant Sanderson acquired only the rights which Knowles & Son possessed. The issue between the plaintiff and defendant in this suit is none other than it would have been had Knowles & Son bid in the property and retained possession thereof. In *Clark* v. *West*, 23 Mich. 242, Clark had replevied the property in justice's court. The court rendered judgment in favor of West. West then took possession of the property and put it in the possession of Brown. Clark removed the case to the circuit court by certiorari and peaceably obtained possession of the property from Brown. West then brought a replevin suit for the same property against Clark and Brown. This court held that that was a cross-replevin. The fact that there are other parties in the cross-replevin is not decisive (*Fisher* v. *Busch*, 64 Mich. 180), but Is the issue the same? is the material question. The decision in the first replevin suit binds the parties and their privies. Sanderson was a privy of Knowles & Son. I think *Clark* v. *West* controls this case.

2. I am also of the opinion that the judgment should be reversed for another reason. Knowles & Son had a concededly valid mortgage. It was past due. They were entitled to possession for the purpose of foreclosure. Mr. Cavanaugh, on demand, refused them that right. No

other course was open to them than to bring replevin, unless they chose to waive their lien and rely upon the personal responsibility of Mr. Cavanaugh. They brought that suit for the sole purpose of obtaining possession in order that they might sell under the terms of the mortgage. Upon the merits in that case the sole question would have been, Are plaintiffs entitled to possession for the purpose of making sale? It is conclusively established in this trial that Mr. Cavanaugh had not paid the mortgage debt, and that Knowles & Son were entitled to possession for the purpose of foreclosure. There was no jurisdictional infirmity either in the affidavit for the writ of replevin or in the writ itself. The suit was not quashed because of any defect in either. See 144 Mich. 264, where we held that the affidavit and process were sufficient to give the court jurisdiction. The declaration was held defective for noncompliance with a technical but required rule of pleading. Knowles & Son had acquired possession by a lawful writ. They gave to the defendant a bond to properly indemnify him for all costs and damages should plaintiffs fail in the suit. Having obtained a lawful possession, I think it follows that they were entitled at once to exercise their legal right to foreclose. They were not required to retain the property without a sale at an expense which was likely to be more than the entire value of the property. The defendant Cavanaugh was amply secured by the bond.

I am of the opinion that Knowles & Son acquired lawful possession, that the sale was made while such possession was lawful, and that by such sale title has passed to the defendant. Whatever damages Mr. Cavanaugh has suffered he could easily have obtained in the former suit. There is no evidence of any bad faith or fraud on the part of Knowles & Son. The result of the plaintiff's contention is that his debt is not paid, he has recovered as damages for the use of the horse from the defendant, who purchased in good faith, probably all that the horse is worth, and has

recovered his horse.   The law will avoid such an unjust result if it is possible to do so.

Judgment is reversed, with costs of all the courts, and judgment entered for the defendant.

MONTGOMERY, OSTRANDER, HOOKER, and CARPENTER, JJ., concurred.