8357

WOODRUFF MACHINERY MANUFACTURING CO. v. TIMMS.

CHATTEL MORTGAGE—CLAIM AND DELIVERY—BREACH OF WARRANTY—COUNTERCLAIM.—UNDER THE ACT OF 1909, 26 STAT. 161, a defendant in claim and delivery foreclosing a chattel mortgage for the purchase money of machinery may set up breach of warranty and counterclaim. The terms in said statute, "personal property which has been pledged in any way to secure credit or debt," include property mortgage to secure a debt.

Before WATTS, J., Fairfield.    Reversed.

Action by Woodruff Machinery Manufacturing Company against D. Y. Timms.    Defendant appeals.

*Mr. Glenn W. Ragsdale,* for appellant, cites: *The instrument must be construed a note:* 40 S. C. 529; 43 S. C. 39; 21 S. C. 212; 19 S. C. 445; 14 S. C. 522; 27 S. C. 624; 74 S. C. 452.    *Breach of warranty is a counterclaim:* 40

S. C. 529; 80 S. C. 292; 90 S. C. 454. *Demurrer should have been sustained even if act of 1909 does not apply:* 15 S. C. 461; 30 S. C. 167; 45 S. C. 111; 54 S. C. 404.

*Messrs. Hanahan & Taylor* and *McDonald & McDonald,* contra, cite: *In claim and delivery no counterclaim permissible except in certain exceptionable cases:* 15 S. C. 458; 30 S. C. 167; 40 S. C. 529; 45 S. C. 404; 54 S. C. 404; 69 S. C. 226. *Allegations in counterclaim not sufficient:* Pom. Code Rem., sec. 738; 37 S. C. 16; 70 S. C. 93; 54 S. C. 105; 69 S. C. 321; 70 S. C. 93; 58 S. C. 59; 65 S. C. 184; 3 Strob. 72; 58 S. C. 59; 30 S. C. 171.

October 30, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. On July 27, 1910, defendant bought a sawmill and saw from plaintiffs, and paid them $70 cash, and, for the balance of the purchase price, gave his note, so much of which as is pertinent to the issues herein reads as follows: "On November 1st, after date, I promise to pay Woodruff Machinery Manufacturing Co., order one hundred and ninety dollars for value received, payable at ————, with interest from maturity until paid at eight per cent. per annum, with all costs of recording and collection, including ten per cent., if collected by law, or through an attorney. This note being given on the purchase of one No. 1 Woodruff sawmill, one 46-inch circle saw. It is understood and agreed that the title to this property is to remain in said Woodruff Machinery and Manufacturing Company until the full amount of the purchase money is paid, together with all interest and recording and attorney's fees, and all payments up to time of default shall be applied as rent for said property, and depreciation in value. In case nonpayment the Woodruff Machinery and Manufacturing Company has the right to

take possession of said property and sell same either private or by advertising thirty days and sell at auction."

The complaint alleges the sale, the execution of the note, and the terms thereof, the breach of the condition thereof by failure to pay at maturity, the ownership and right of plaintiffs to the possession of the property, and the refusal of defendant, on demand to deliver it to them.

In his answer, defendant denied the allegations of the complaint, except as therein admitted, and set up in "a defense" and "a counterclaim." In his defense, he admits the purchase, and the giving of his note for the balance of the purchase price, and alleges, in substance, that, when he bought the mill, plaintiffs represented that it was in good and workable condition, and warranted that it would run true, straight and uniform, which it is necessary for a good workable mill to do; that he relied upon said representations and warranty in making the purchase and in paying his money and giving his note therefor; that the representations were false, and were known to be so by plaintiffs, when made, and that they were made with intent to overreach him; that the mill is unfit for the purpose for which it was bought and is worthless; that plaintiff's said warranty has been breached to his damage in a sum greater than the purchase price of the mill, and the consideration therefor has totally failed.

For a counterclaim, he alleges, in substance, that he was induced by the false and fraudulent representations of plaintiffs to buy the mill and pay his money and give his note therefor, and pay the freight on it; that while he was, in good faith, trying to make it do the work it was warranted to do, he was put to the further expense of hiring extra help, all to his damage in the sum of $120.

The plaintiffs demurred to the foregoing defense and counterclaim for insufficiency, because they set forth no facts controverting plaintiffs' ownership of the property, or

their right to recover the same, nor do they state exceptional circumstances entitling defendant to equitable relief.

The Court sustained the demurrer, holding that, as this is an action of claim and delivery, brought to settle the title or the right to the possession of personal property, the defense and counterclaim are not available to defendant.

There can be no doubt that the instrument called the "note" is, in effect, a mortgage. *Perkins* v. *Bank,* 43 S. C. 39, 20 S. E. 759; *State* v. *Haynes,* 74 S. C. 450, 65 S. E. 118.

The defense set up in this case is practically the same as that which the Court allowed in *Ludden & Bates* v. *Hornsby,* 45 S. C. 111, and similar to that allowed in *Sparks* v. *Green,* 69 S. C. 198, 48 S. E. 61.

The act of 1909 (26 Stat. 161) is conclusive of defendant's right to set up his counterclaim. That act reads as follows: "In every action for the recovery of personal property which has been pledged in any way to secure credit or debt, the defendant may plead his counterclaim arising out of the same transaction, and the jury in such case may find, in addition to the verdicts now provided by law, the amount due to the plaintiff, if any; and in such case the defendant shall have the right to pay said amount and costs, and the property shall thereafter be free from the encumbrance."

Respondents contend that by using the words "property which has been pledged," the legislature indicated an intention that the act should be limited in its application to cases of technical "pledges," that is, to cases where a debtor delivers property to his creditor to hold, as security, until the debt is discharged. But a consideration of the context and of the whole act shows that it was not intended that it should have such a narrow and technical construction. The use of the words "pledged in any way" negative that construction. The authorities agree that a mortgage is a pledge. The etymology of the word,—"mort," dead, and "gage," a pledge,

meaning a dead pledge,—characterizes the property covered by it as dead to its owner, the mortgagor.

The language of the act shows that the lawmakers had in contemplation an action by a creditor to recover property pledged to him as security, but allowed to remain in the possession of the debtor, as in the present case. It says the jury may find the amount due to the plaintiff, showing that they had the creditor in mind as plaintiff; and "the defendant shall have the right to pay said amount and costs, and the property shall be free from the encumbrance," showing clearly that they thought of the debtor as defendant in such action. Such language would hardly be applicable to the case of a technical "pledge," for that is almost invariably in the possession of the creditor, and, in such cases, there would have been no necessity for a statute, for the debtor has no cause of action to recover a chattel "pledge," until the debt has been fully paid.

The legislature evidently intended by this act to modify the rule announced in *Williams* v. *Irby,* 15 S. C. 458, and followed in numerous subsequent cases, by allowing the defendant in an action of claim and delivery to set up a counterclaim, arising out of the same transaction.

*Reversed.*

Mr. Justice Watts *disqualified.*