8669

HOOVER v. THAMES.

CLAIM AND DELIVERY — CHATTEL MORTGAGES — COUNTERCLAIM. — In an action for possession of mortgaged machinery after condition broken, mortgagee may set up as counterclaim, damages resulting from false representations as to quality of machinery and breach of contract when the mortgage was given to secure purchase money.

Before RICE, J., Hampton, June, 1912.    Affirmed.

Action by J. R. Hoover against James F. Thames & Sons. Plaintiff appeals.

*Messrs. W. S. & W. P. Tillinghast,* for appellant, cite: *Counterclaim not permissible:* 30 S. C. 167; 54 S. C. 400; 90 S. C. 122.  *When equitable relief may be given:* 45 S. C. 111.

*Messrs. W. B. deLoach* and *J. W. Manuel,* contra, cite: *No particular form for alleging counterclaim:* 61 S. C. 320. *Damages may be set up for breach of oral agreement:* 61 S. C. 166; 90 S. C. 454; 93 S. C. 99; 26 Stat. 161.

October 14, 1913.    The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.    Plaintiff sold defendants a planing mill and took their notes, secured by a mortgage of the mill, in part payment of the purchase money.    Defendants having failed to pay the notes at maturity, and having refused to deliver the mortgaged property to plaintiff, on demand, this action was brought to recover possession thereof for the purpose of foreclosing the mortgage.    The defendants' first answer was a general denial.    Subsequently, they moved for leave to amend their answer by setting up a counterclaim for damages, resulting to them on account of alleged false and fraudulent misrepresentations

of the plaintiff in the sale of the mill as to its condition and its fitness for the purposes for which they bought it, and for breach of warranty. From the order allowing the amendment, the plaintiff appealed.

The case is controlled by the decision in *Woodruff Machinery & Mfg. Co.* v. *Timms,* 93 S. C. 99, 76 S. E. 114. Affirmed.