## 10046

### ELDERS v. FEUTREL.

#### (96 S. E. 541.)

1. CONTRACTS—CONFLICTING PROVISIONS—OPERATION AND EFFECT.—Conflicting provisions do not render the whole of an instrument void, but the Court will determine which shall govern.

2. CHATTEL MORTGAGES—RECOVERY OF POSSESSION BY MORTGAGEE—NATURE OF ACTIONS.—Claim and delivery for possession by the mortgagee is a proceeding not primarily to secure a judgment for the amount of the note secured, but to enforce provisions of the mortgage, which in such proceeding is paramount.

3. CHATTEL MORTGAGES — POSSESSION BY MORTGAGEE — RIGHT TO SUE THEREFOR.—Where a certain amount of a mortgage debt is past due and unpaid, and by the terms of the mortgage the mortgagee is then entitled to possession, he has a right to sue therefor on possession being denied him.

4. APPEAL AND ERROR — REVIEW — QUESTION OF FACT — APPEAL FROM INTERMEDIATE COURT.—The Supreme Court cannot review a question of fact on appeal from the affirmance of a judgment on appeal from Justice Court.

5. BILLS AND NOTES—NOTES REPRESENTING SAME DEBT.—Two notes may represent the same debt.

6. BILLS AND NOTES—TERMS OF PAYMENT—RIGHTS TO CHANGE.—Parties to a note may subsequently change the terms of payment.

7. CHATTEL MORTGAGES—DEFAULT IN PAYMENT—RECOVERY OF POSSESSION—MORTGAGEE'S RIGHT TO SUE.—The time fixed for payment in the mortgage governs in determining when the mortgagee's right to sue for possession accrues on default in payment, and not the terms of the note secured.

Before Smith, J., Richland, Summer term, 1917. Affirmed.

Claim and delivery by J. D. Elders against S. F. Feutrel in Justice Court. A judgment for plaintiff was affirmed on appeal to the Circuit Court, and defendant appeals.

*Mr. Jno. T. Duncan,* for appellant.

*Messrs. F. Wm. Cappelmann* and *Charles B. Elliott,* for respondent.

July 19, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action brought in a magistrate's Court in claim and delivery to recover the possession of a Ford automobile. The action was based upon a chattel mortgage, of which the following is a copy:

"$70. January 8, 1917. On the 8th day of April next, I promise to pay to the order of J. D. Elders, at Columbia, South Carolina, seventy dollars. Value received. Witness my hand and seal. S. F. Feutrel. (L. S.)

"The State of South Carolina, County of Richland. Whereas, I am indebted to J. D. Elders in the sum of seventy dollars, and have given my note therefor, of even date with these presents (a copy of which is hereto annexed), payable on the 8th day of April, A. D. 1917: Now, in order to secure the payment of said note, and in consideration of the sum of five dollars, to me in hand paid, I do hereby grant and sell

unto —— the following goods and chattels, to wit: One Ford automobile, to be paid for as follows: First month, $25, due the 8th day of February; second month, $25, due the 8th day of March; third month, $20, due the 8th day of April. To have and to hold, all and singular, the said goods and chattels, unto the said J. D. Elders and his assigns forever: *Provided, nevertheless,* That if the said mortgagor shall pay to the mortgagee the sum herein above mentioned when due, then this mortgage to be void; otherwise, to remain in full force and effect: *And provided, further,* That said mortgagor may retain possession of said goods and chattels until default be made in payment of the said note; but if the same is not paid when due, or if, before the said note is due, the said mortgagor shall attempt to make way with or remove said goods and chattels, or any part thereof, from the place where they now are, then and in either event, the said mortgagee, or his agent, shall have the right, without suit or process, to take possession of the said goods and chattels, wherever they may be found, and may sell the same, or so much as may be necessary, at public auction for cash, after giving notice by advertisement ten days, and shall apply the proceeds of said sale to the discharge of the said debt, interest and expenses, and pay any surplus to the said mortgagor and his assigns.

"In witness whereof, I, the said mortgagor, do hereunto set my hand and seal, this 7th day of January, A. D. 1917. S. F. Feutrel. (L. S.) Signed, sealed and delivered in the presence of S. G. Elders.

"$25. January 8, 1917. Thirty days after date I promise to pay to the order of J. D. Elders twenty-five dollars at Columbia. Value received. No. 1. Due February 8, 1917. S. F. Feutrel.

"$25. January 8, 1917. Sixty days after date I promise to pay to the order of J. D. Elders twenty-five dollars at Columbia, South Carolina. Value received. No. 2. Due March 8, 1917. S. F. Feutrel.

"$20.    January 8, 1917.    Ninety days after date I promise to pay to the order of J. D. Elders twenty dollars at Columbia.    Value received.    No. 3.    Due April 8, 1917. S. F. Feutrel."

Judgment for the possession of the property was awarded to the plaintiff.    From this judgment appeal was taken to the Circuit Court, and, judgment being there affirmed, the appeal is to this Court.    There are some 19 exceptions, but not so many questions here, as some of them raise questions of fact with which this Court cannot deal.    Some are merely the statement of the same proposition of law in different forms.

1. As to the validity of the instrument.    Appellant claims that there is a fatal variance between the date of payment in note and the statement in the mortgage.    There is no rule of law for the construction of legal documents by which this Court can hold that conflicting provisions render the whole instrument void.    There are, however, rules by which the Courts will determine which of two conflicting provisions shall govern.    Before we resort to the rule of conflicting statements, we must be sure that there is a conflict.    This is a proceeding not primarily to secure a judgment for the amount of the note, but to enforce the provisions of the mortgage.    The mortgage, therefore, in this proceeding is paramount.    The mortgage provides for the payment of $25 on the 8th day of January.    So far as the record shows, the amount was past due and unpaid.    Then by the terms of the mortgage the plaintiff was entitled to the possession of the automobile.    The plaintiff, being denied the possession, had the right to bring this possessory action.

2. Appellant claims that there was error in holding that the four notes represent the same debt.    This was a question of fact, with which this Court cannot deal.    As a matter of law two notes may represent the same debt.    This holding is of advantage to the appellant, and of it he cannot complain.

1-3

4, 5

3. It seems that for each of the three payments provided for in the mortgage a separate note was taken. It appears from the mortgage that the $70 note was first taken.

There is nothing to prevent the parties, subsequently, from changing the terms of the payment. That was done in this case.

4. The appellant claims that this action is premature, as by the terms of the note the note was not due until April 8th. We have seen that in this proceeding the mortgage governs. It is true that the mortgage provides that the mortgagor could retain possession until default in payment; by the mortgage, the 8th day of February was the date set for the first payment, and that payment was in default.

5. We agree with his Honor that the justice of the case required an affirmance of the magistrate's judgment.

We have endeavored to decide all the questions of law without invading the facts, and as to the facts we have no right to decide.

The judgment is affirmed.