## 10165

CREED v. NATIONAL FIRE INS. CO., OF HARTFORD, CONN.

(98 S. E. 334.)

INSURANCE—FIRE INSURANCE—ASSIGNMENT OF POLICY—RIGHT OF AS-
. SIGNOR.—Where policy insured plaintiff's house for $800, and his
personality for $700, and plaintiff' after he sold the house, assigned
his interest "as owner of property covered," he could not recover for
loss of personalty, although he was admittedly still the owner of the
personalty.

Before MEMMINGER, J., Kershaw, Spring term, 1918.
Reversed.

Action by J. E. Creed against the National Fire Insurance
Company, of Hartford, Conn.   Judgment for plaintiff, and
defendant appeals.

*Messrs. John M. Robinson* and *Douglas McKay,* for
appellant. *Mr. Robinson* cites : *As to absolute assignment of
policy prior to fire:* Cooley's Briefs, pp. 82-83 ; 26 S. C. 505 ;
3 Met. 66 ; 16 Pet. 496 ; 2 Am. Lead. Cas. 247 ; 19 Cyc.
635 ; Cooley 1063 ; Joyce on Insurance (2d Ed.), sec. 2308.
*As to violation of additional insurance clause:* 91 S. E. 732 ;
83 S. C. 262 ; 100 S. C. 47 ; 144 N. C. 7 ; 8 L. R. A. (N. S.)
839.

*Mr. L. A. Wittskowsky,* for respondent, submits : *That
some features of this fire policy were construed in the case
of Camden Wholesale Grocery v. National Fire Insurance
Co., of Hartford, Conn., and Home Insurance Co., of New
York:* 106 S. C. 467.   *Where an insurance policy is issued
to cover different classes of property, each insured· for a
stated amount, and there is a breach of a condition or war-
ranty regarding one class, it would not affect the risk as to
the others, and the contract should be considered not as entire,
but as severable, and a recovery allowed .on account of the
property not affected by the breach, notwithstanding the
policy stipulates that it shall be void, and no action brought*

*on it when anyone of its conditions or warranties is broken,*
*provided the insured has committed no fraud, and no act*
*prohibited by public policy is involved:* 1915c, L. R. A.
619.

February 22, 1919.

The opinion of the Court was delivered by MR. JUSTICE
GAGE.

Action on a policy of insurance against loss by fire; verdict
for the plaintiff; appeal by the defendant.   There are five
exceptions, but if one fundamental issue of law shall be
determined for the defendant, that ends the cause.

Creed had a house, and in it personal property.   He made
a contract with the National Fire Insurance Company,
whereby, for a single premium of $36 paid by Creed to the
company, the company insured against loss by fire the house
for $800, and the personal property for $700.   Creed sold
the house, and assigned to his vendee the contract of insur-
ance and in these words:

"The interest of J. E. Creed as owner of property covered
by this policy is hereby assigned to Camden Wholesale Gro-
cery Company subject to the consent of the National Fire
Insurance Company, of Hartford.   Dated December 17,
1912.   J. E. Creed."

The company consented to the assignment and in these
words:

"The National Fire Insurance Company, of Hartford,
hereby consent that the interest of J. E. Creed, as owner of
the property covered by this policy, be assigned to Camden
Wholesale Grocery Company.   Dated December 17, 1912.
J. A. McCaskell."

The Circuit Court was of the opinion that if Creed was
owner of the personal property when the fire burnt it, then
he ought to recover on the contract.

It is admitted in the case that Creed was owner of the
personalty; and his counsel contended before us that no fact

was in issue, and that Court ought to have directed a verdict for the plaintiff.   The issue of law, therefore, is, does that fact, under the contract he made and under the assignment of the contract, entitle him to recover?   It is a question of contract; the parties' rights and liabilities are fixed by the contract.

For $36 the company agreed to pay Creed $800 for the house and $700 for the personalty in the event of loss by fire.

It is true that had Creed not assigned the policy, then, in the event the house had not been burned, but the personalty had been burned, then in that event, Creed might recover for the loss of the personalty; the contract, by necessary construction, so reads.   But when Creed assigned the policy he assigned his whole contract; the word of the assignment so expressly run, and there is no pretense that he intended to do otherwise.

The testimony is not that Creed reserved or intended to reserve for himself so much of the contract as related to personalty, but only that he did not sell the personalty when he sold the house.   Creed had at the time of the fire no contract with the company, and he, therefore, has now no right to recover.

A verdict for the defendant ought to have been directed, and must yet be.

Judgment reversed.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS did not sit.