## 11683

STOKES *ET AL.* v. LIVERPOOL & LONDON & GLOBE INS. CO.

(126 S. E., 649)

1. PLEADING—AMENDMENT TO ANSWER PLEADING NEW DEFENSE DISCRETIONARY WITH COURT.—Amendment of answer, so as to plead new defense different from that pleaded in original answer, is a matter purely within discretion of Court.

2. PLEADING—ALLOWANCE OF AMENDMENT TO ANSWER, PLEADING NEW DEFENSE, HELD NOT ABUSE OF DISCRETION.—In action on fire policy in which only defense pleaded in original answer was invalidity of policy because of assignment, allowance of amendment, pleading invalidity of policy because of foreclosure proceeding, *held* not abuse of discretion.

3. INSURANCE—RECORD IN CLAIM AND DELIVERY ACTION AGAINST PARTNER HELD NOT ADMISSIBLE IN PARTNER'S ACTION TO FORECLOSE POLICY ON PARTNERSHIP PROPERTY.—In partner's action on fire policy insuring partnership property, making policy void in the event of

---

NOTE: On assignment of insurance policy as collateral security for debt as within provision against assignment of policy, see note in L. R. A., 1918D, 1160.

mortgage foreclosure proceedings against property, record in claim and delivery action against one of the partners, based on such partner's default in performance of retention of title contract, *held* inadmissible, since partnership property could not have been affected by judgment rendered in such action.

4. PARTNERSHIP—JUDGMENT IN ACTION AGAINST PARTNER INDIVIDUALLY NOT VALID AS TO PARTNERSHIP PROPERTY.—Judgment in action against partner individually, in which other partners are not joined, is not valid as to partnership property.

5. INSURANCE—PLEDGE OF POLICY AS COLLATERAL SECURITY HELD NOT "ASSIGNMENT" WITHIN PROVISION MAKING POLICY VOID ON ASSIGNMENT.—Pledge of policy as collateral security for debt *held* not "assignment" within provision making policy void on assignment thereof.

6. PLEADING—DENIAL OF MATERIAL ALLEGATIONS STANDS AS GENERAL DENIAL IN ABSENCE OF MOTION TO MAKE MORE SPECIFIC.—Denial of all material allegations of complaint does not constitute good general denial, but should stand as general denial in absence of motion to make more definite and specific.

7. INSURANCE—GENERAL DENIAL OF PLAINTIFFS' OWNERSHIP OF PROPERTY INSURED HELD TO CREATE ISSUE AS TO SUCH OWNERSHIP.—In action on fire policy covering land and machinery, insurer's general denial of allegation of complaint that plaintiffs were owners of property insured *held* sufficient to create issue as to ownership of such property.

8. INSURANCE—SINGLE POLICY COULD BE ISSUED TO OWNER OF BUILDING AND OWNER OF MACHINERY THEREIN.—Single fire policy could be issued to owner of building and owner of machinery therein, entitling the two to join in action thereon.

9. CHATTEL MORTGAGES—TITLE RETENTION CONTRACT HELD CHATTEL MORTGAGE.—Contract by which seller of machinery retained title thereto, pending payment of price, *held* in effect a chattel mortgage.

10. CHATTEL MORTGAGES—REMEDIES OF MORTGAGEE ON MORTGAGOR'S DEFAULT STATED.—When chattel mortgage becomes due, mortgagee has three remedies, and may peaceably take possession of chattel, *advertise and sell and apply* proceeds to secured debt, and pay surplus to mortgagor, or, if possession be refused, may institute claim and delivery proceedings to get possession of chattel for purpose of such sale, or may institute proceedings similar to foreclosure of real estate mortgage.

11. INSURANCE—CLAIM AND DELIVERY PROCEEDINGS BY MORTGAGEE, HELD FORECLOSURE PROCEEDING WITHIN FIRE POLICY, MADE VOID IN EVENT OF SUCH PROCEEDINGS.—Mortgagee's claim and delivery proceedings, *held* foreclosure proceedings within fire policy, made void in event of such proceedings.

Before N. G. EVANS, SPECIAL JUDGE, Darlington, Fall term, 1923.    Reversed and remanded.

Action by M. L. Stokes and M. D. Stokes, copartners, against Liverpool & London & Globe Insurance Company. Judgment for defendant, and plaintiffs appeal.

The answer and amended answer follow:

Answer (caption omitted) :

The defendant above named, answering the complaint herein, on information and belief, for a first defense (1) denies the material allegations of the complaint.

For a second defense (2) alleges that the policy of insurance in this case contains a provision that: "This entire policy shall be void, unless otherwise provided by agreement in writing added hereto * * * if this policy be assigned before a loss."

(3) That without the knowledge or permission of this defendant the plaintiff fraudulently assigned the policy to the Bank of Oates, on September 24, 1921, and this defendant learned of this assignment after the fire, denied liability under the policy and tendered to the plaintiffs a return of the premium thereon which the plaintiffs refused.

(4) Denies all allegations of the complaint which are inconsistent with this statement.

Wherefore the defendant prays that the complaint be dismissed.

Amended answer (caption omitted) :

For a third defense (5) alleges that the policy of insurance in this case contains a provision that: "This entire policy shall be void, unless otherwise provided by agreement in writing added thereto * * * if with the knowledge of the insured foreclosure proceedings be commenced * * * of any property insured hereunder * * * or if any change * * * take place in the interest, title, or possession of the subject of insurance.

(6) That before the fire the interpleader, W. H. Steele, with the knowledge of the plaintiffs and without the knowledge or agreement of this defendant, commenced foreclosure proceedings upon property covered by the policy, and had proceeded so far in the foreclosure that the interest, title, and possession of the plaintiff in the property had changed, all of which was in violation of the terms of the policy of insurance.

(7) That the defendant did not learn of the violation of the policy set forth in this defense until after the other portions of the answer were written, and after it had offered the plaintiffs a return of the premium, but it now, or at any time hereafter to be designated by the plaintiffs, offers them a return of the premium on this contract.

(8) Denies all allegations of the complaint which are inconsistent with this statement.

*Messrs. Miller & Lawson,* for appellants, cite: *All defenses relied upon must be specially pleaded:* 115 S. C., 58; 98 S. C., 146; 113 S. C., 476. *Answer-denial:* 1 Ency. Pl. & Pr., 782; 88 Am. Dec., 88; 12 Notes to Am. Dec., 173. *Amendment:* 111 S. C., 326. *Judgment against an individual, where the partners were not joined, has no validity in regard to partnership property:* 55 S. C., 528; 5 S. C., 288; 2 Mc., 310; 15 Ency. Pl. & Pr., 868; 20 R. C. L., 936. *Retention of title contract:* 5 R. C. L., 386; 107 Am. St. 731, 744; 94 Am. St., 1001; 11 C. J., 413. *Jones on Chattel Mortgs:* Sec. 26-A; 78 S. C., 294; 27 S. C., 624; 27 S. C., 464; 45 S. C., 111; 40 S. C., 529. *Pledge of policy as collateral security not such an assignment as to make it void within the prohibition of the policy:* 96 S. C., 430; 111 S. C., 487; 53 Am. Rep., 202; 20 Notes to Am. Rep., 32; 10 A. & E. Ann. Cas., 328; L. R. A., 1918-D, 1160; 56 Am. Dec., 748; L. R. A., 1917-F, 1042; 14 R. C. L., 1007; 19 Cyc., 636 *et seq.,* 61 Am. St., 268; 4 Joyce on Ins., 3933 *et seq;* 26 C. J., 266 *et seq;* 8 L. R. A. (N. S.), 903; 72

Am. Dec., 270. *Error in instructing jury:* Wigmore, Vol. 1, Sec. 26; 110 S. C., 137; 83 S. C., 53; 85 S. C., 273; 85 S. C., 278. *As to forfeiture:* 115 S. C., 59. *As to tender:* 88 S. C., 525.

*Messrs. Fowles & Bailey,* for respondent, cite: *General denial:* Code of Proc., 1922, Sec. 410; 1 Ency. Pl. & Pr., 782. *Under a general denial title can be shown in a third party:* 73 S. C., 102. *Action should be brought by the assignee:* 111 S. C., 4 and 7; Code of Proc., 1922, Secs. 354-5; 68 S. C., 387. *Under a general denial amount of loss is put in issue:* Code, 1922, Secs. 4095, 4098; 98 S. C., 244. *Was the contract a mortgage?* 112 S. C., 243; 93 S. C., 99; 55 S. C., 450. *Waiver:* 26 L. Ed., 765; 83 S. C., 262. *Tender:* 3 Cooley's Briefs on Ins., 2694.

February 12, 1925.

The opinion of the Court was delivered by Mr. Justice Watts.

This action was commenced in June, 1922, to recover $4,000 and interest thereon at the legal rate from November 23, 1921, on account of a contract of insurance issued to the plaintiffs by the defendant for damages sustained by the plaintiffs by the destruction by fire of the insured property on November 23, 1921. Liability was denied, first, on the ground that there had been an assignment of the policy in violation of its terms and by an amended answer a further defense was allowed over plaintiffs objection; said defense as well as the original defense, being set forth in the copy of answer hereinbefore set out. The cause came on for trial before Hon. N. G. Evans, special Judge, and a jury, at Darlington at the fall, 1923, term and resulted in a verdict for the defendant. Motions were submitted by the plaintiffs and the defendant for the direction of verdicts, respectively, in their favor and were overruled. Plaintiffs moved for a new trial on grounds hereinafter set out. From judgment duly entered the plaintiffs served due

notice of intention to appeal.   The relevant portions of the pleadings and testimony, including proffered instructions and the trial Judge's charge, hereinafter appear.   The appeal questions the allowance of the amended answer; the correctness of the rulings of the Court on certain testimony; the refusal of plaintiffs' motion for a directed verdict; the refusal and modification of plaintiffs' requests to charge; and the refusal of plaintiffs' motion for a new trial.

The exceptions are 20 in number.   Exceptions 1, 2, 11, 15, and 19 complain of his Honor allowing respondent to amend its answer.   That was a matter purely within the discretion of his Honor, and we see no erroneous exercise of that discretion under the circumstances of the case.

Exceptions 3, 4, 5, 6, 8, and 11 allege that error was committed in allowing certain testimony to be admitted, particularly the record in the claim and delivery action of W. H. Steele against M. D. Stokes, and challenge the correctness of his Honor's instructions in reference thereto.   These exceptions are sustained.   There is no question that the property insured was partnership property, and it was prejudicial to allow in evidence the record in the claim and delivery action of W. H. Steele v. M. D. Stokes.   It was a proceeding against M. D. Stokes, and not against M. D. and M. L. Stokes, copartners.

There was no moregage to be foreclosed; it was under a retention of title contract: no service was made on Mrs. M. L. Stokes; she was not even a party to the proceeding.   It does not appear affirmatively that it was the same property covered by the policy of insurance, and it does appear from the record that Steele had been eliminated by the order of Judge Dennis, October 27, 1923, and order permitting intervention vacated, and status restored which existed before attempted intervention.

The judgment of the claim and delivery proceeding is not against the partnership.   The property insured is partnership property; the insurance policy makes it

such.  A judgment, in an action brought against an individual where the partners are not joined, has no validity whatever, in respect to partnership property.  *Haslet v. Street, 2* McC., 310; 13 Am. Dec., 724.  *Bull v. Lambson,* 5 S. C., 288.  *Manufacturing Co. v. Cycle Co.,* 55 S. C., 528; 33 S. E., 787.

The record shows beyond question that the property insured was the partnership property of the appellants, and it was destroyed by fire.  The judgment was against M. D. Stokes individually, and was an absolute nullity as far as the partnership property was concerned, had nothing to do with the partnership property covered by the policy of insurance sued on.

Exceptions 14 and 16 are as to assignment.  There was not an absolute assignment, but the evidence shows that it was a pledge as a collateral security for a debt.  A pledge of an insurance policy as a collateral security is not an assignment within the prohibition of the policy.  *Henderson v. Ins. Co.,* 96 S. C., 430; 81 S. E., 171. *Creed v. Ins. Co.,* 111 S. C., 487; 98 S. E., 334.  I think the appellant was entitled to a directed verdict as asked for on all the evidence in the case.

There was a policy issued on partnership property.  That partnership property was wholly destroyed by fire.  The respondents failed to make good the defense set up in their answer, original and amended.  I think the judgment should be reversed, with directions to the Clerk of Court for Darlington County, to enter up judgment for plaintiffs as provided for by rules of Court, but a majority of the Court think differently, and the judgment is reversed, and new trial granted.

New trial.

MESSRS. JUSTICES FRASER, COTHRAN, and MARION concur.

MR. JUSTICE FRASER:  I think there should be a reversal and a new trail, and not a directed verdict.

MR. JUSTICE COTHRAN concurs.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN (concurring and dissenting):

Action upon a policy of fire insurance, issued September 17, 1921, to M. B. Stokes and M. L. Stokes (husband and wife), in the sum of $4,000, upon the following property: The gin building, $1,500; the gin, $1,500, and the engine, $1,000. The entire property was destroyed by fire November 23, 1921.

The insurance company denied liability for the loss upon these grounds: (1) That, before the loss, the insured had assigned the policy to the Bank of Oates, causing a forfeiture of the policy under a provision contained therein that "this entire policy shall be void * * * if this policy shall be assigned before a loss"; (2) that, before the loss, the holder of a retention of title contract covering the machinery and not the building instituted an action of claim and delivery against the owner of the machinery, for the purpose of foreclosing his claim upon it, causing a forfeiture of the policy under a provision contained therein that "this entire policy shall be void * * * if, with the knowledge of the insured, foreclosure proceedings be commenced * * * of any property insured hereunder by reason of any mortgage or trust deed"; (3) that, before the loss, the holder of a retention of title contract covering the machinery and not the building, instituted an action of claim and delivery against the owner of the machinery, for the purpose of foreclosing his claim upon it, causing a forfeiture of the policy under a provision contained therein that "this entire policy shall be void * * * if any change * * * take place in the interest, title, or possession of the subject of insurance."

The evidence tends to show that the assignment to the Bank of Oates was as collateral security to loans made by the bank to Mr. and Mrs. Stokes, for the purpose of building a gin house and purchasing the machinery; in fact this appears upon the face of the assignment. The authorities

are abundant that this is not such an absolute assignment as comes within the forfeiture clause. *Griffey v. Ins. Co.,* 100 N. Y., 417; 3 N. E., 309; 53 Am. Rep., 202; *Ætna Ins. Co. v. Smith,* 117 Miss., 327; 78 So., 289; L. R. A., 1918D, 1158 (in which many cases are cited sustaining this conclusion and to which is appended a note of many others); 14 R. C. L., 998; 26 C. J., 266. *Allen v. Phœnix Co.,* 12 Idaho, 653; 88 P., 245; 8 L. R. A. (N. S.), 903; 10 Ann. Cas., 328.

In reference to the second and third defenses above stated, the appellants take the position that by the pleadings it appears incontrovertibly that the entire property covered by the policy was partnership property belonging to Mr. and Mrs. Stokes as partners, and that the claim and delivery proceedings against Mr. Stokes alone could not have the effect of forefeiting the policy.

The complaint does not allege that, at the time the policy was issued, Mr. and Mrs. Stokes were partners engaged in business at Lydia, S. C., under the firm name of M. L. and M. D. Stokes, and that they had an interest in the property insured as owners of it to an amount exceeding the amount of the assurance.

The nearest that the defendant comes to a denial of these allegations is in the first defense of his answer, wherein he "denies the material allegations of the complaint." The appellants contend that this is no denial at all, and that the facts alleged must be taken as true. The form of what was claimed to be a general denial is objectionable, but I think that the true rule is thus stated in 1 Enc. Pl. and Pr., 782:

"A denial of all the 'material' allegations of the complaint does not constitute a good general denial."

And in the footnote it is added:

*"But such a denial is good against a demurrer, though not good against a motion to make more definite and specific."*

In the absence of such a motion, it should stand as a general denial.

Assuming what appears to be decided in *Griffin v. McCain,* 126 S. C., 506; 120 S. E., 95 (though not to my satisfaction), that a general denial does not put in issue the allegation of partnership, in this particular case it does put in issue the fact alleged that the plaintiffs were the owners of the property insured.

The fact of partnership, however, is very far from establishing the partnership ownership of the machinery. The complaint does not allege the character of business in which Mr. and Mrs. Stokes were engaged, and, if it should be assumed that it was a ginning business, the conduct of that business was not inconsistent with separate ownership of the building by Mrs. Stokes and separate ownership of the machinery by Mr. Stokes; nor is the allegation that they were the owners of the building and machinery inconsistent with that condition of title.

The evidence tends to show that Mrs. Stokes owned the land, and of course the building erected upon it, and that Mr. Stokes owned the machinery. He certainly owned it (subject to the retention of title contract), when he bought it in July, 1920, and there is no evidence tending to show that he ever parted with any portion of his interest. It is significant that there is not a particle of evidence tending to show that there was a partnership between Mr. and Mrs. Stokes in the ginning business, or that either conveyed to the other any interest in the property separately owned by them.

I do not think that this situation presents any obstacle to either collecting the amount of insurance carried upon their respective properties. 26 C. J., 19, note 13a, citing *Peck v. Ins. Co.,* 22 Conn., 575. It is as if each had taken out a separate policy covering his or her separate property, for it appears that the insurance agent had knowledge of the situation and united both in the same policy as a matter of convenience. The vital question is

whether the interest of Mr. Stokes has been affected by the proceedings of claim and delivery. It hardly needs authority for the position that the contract of sale in this case was in legal contemplation a chattel mortgage. *Hill v. Granite Co.,* 112 S. C., 243; 99 S. E., 836. *Woodruff v. Timms,* 93 S. C., 99; 76 S. E., 114.

The question is: When Steele, the mortgagee, began claim and delivery proceedings, did he commence foreclosure proceedings by reason of the mortgage? I do not see how there can be but one answer to that question. When a chattel mortgage becomes past due, the mortgagee has three remedies for realizing upon his security: (1) He may peaceably take possession of the chattel, advertise and sell and apply the proceeds of sale to his secured debt, paying the surplus, if any, to the mortgagor; (2) if possession be refused, he may institute claim and delivery proceedings to get possession of the chattel for the purpose of sale as in the first instance; (3) he may institute a proceeding similar to the foreclosure of a mortgage of real estate. Any one of these remedies is at least a step in the process of foreclosing his mortgage. The policy does not provide that this foreclosure must be made in a certain way.

In *Hoover v. Thames,* 96 S. C., 31; 79 S. E., 795, it is said, referring to a proceeding of claim and delivery:

"This action was brought to recover possession thereof *for the purpose of foreclosing the mortgage.*"

In 14 R. C. L., 1128, it is said:

"The usual provision that the policy shall be void if, with the knowledge of the insured, foreclosure proceedings be commenced against the subject of insurance, means the institution of suit or judicial proceedings *for the enforcement of the mortgage.*"

The proceeding in claim and delivery is so closely connected with foreclosure that the plaintiff upon giving bond,

after waiting for the defendant's replevy bond, may proceed to sell the mortgaged property, and may not be compelled to await the outcome of his claim and delivery proceedings, the defendant being amply protected by his bond. *Cavanaugh v. Sanderson,* 152 Mich., 11; 115 N. W., 955.

In *Elders v. Feutrel,* 110 S. C., 307; 96 S. E., 541, the Court, referring to claim and delivery proceedings under a chattel mortgage, says:

"This is a proceeding, not primarily to secure a judgment for the amount of the note, *but to enforce the provisions of the mortgage.*"

The retention of title contract, which I have treated as a mortgage, was dated July 1, 1920, and fell due November 1, 1920. The policy was issued September 17, 1921, nearly a year after the mortgage was past due. The evidence does not show whether the company knew of the existence of the mortgage and that it was past due when the policy was issued. The point whether, if the company knew of these facts, it could rely upon the forfeiture upon commencement of a suit for foreclosure, has not been discussed, and I intend to indicate no opinion in reference thereto. See *Hartford Co. v. Clayton,* 17 Tex. Civ. App. 644; 43 S. W., 910. *Butz v. Ins. Co.,* 76 Mich., 263; 42 N. W., 1119; 15 Am St. Rep., 316.

I have not considered the effect upon the insurance on the separate property of Mrs. Stokes of a forfeiture of Mr. Stokes' insurance, if such should be decreed. I do not think there is anything in the defendant's third defense, above stated, as it does not appear that the machinery was taken into the possession of the Sheriff or turned over to the plaintiff Steele in the claim and delivery proceedings, that there had been any change in the title or possession of the property.

I concur with Mr. Justice Watts in his disposition of exceptions 1, 2, 11, 15, and 19.

The Judge's charge being inconsistent with the views expressed above, I favor a reversal of the judgment and an order for a new trial.

Mr. JUSTICE MARION concurs.