PAETH v. SQUIRE.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—FIXTURES—HOUSES.
   In suit in equity, by parties who had erected four-room house without basement on five-acre tract of land belonging to mortgagor after mortgage had been given but without knowledge or consent of mortgagee and removed the house on day before expiration of period of redemption from foreclosure sale, to determine right to ownership and possession of the house which had been repossessed by sheriff incident to mortgagee's action of replevin, question of whether property, before removal, was real or personal *held*, unnecessary to decision of cause.

2. FIXTURES—REPLEVIN—EQUITY—POSSESSORY REMEDY AS TO PERSONALTY.
   Replevin, not suit in equity, *held*, proper remedy for person desiring determination of ownership and right to possession of house, severed from land with whose owner he had had oral consent to erect it upon, and now claimed by mortgagee who had foreclosed mortgage on land formerly occupied by house.

Appeal from Monroe; Golden (Clayton C.), J. Submitted June 9, 1936. (Docket No. 107, Calendar No. 39,043.) Decided October 5, 1936.

Bill by Walter Paeth and wife against S. H. Squire, Superintendent of Banks of the State of Ohio, in charge of the liquidation of the Commerce Guardian Trust & Savings Bank of Toledo, Ohio, the Commerce Guardian Trust & Savings Bank, an Ohio corporation, of Toledo, Ohio, and Joseph J. Bairley, sheriff of Monroe county and others to try the title to a house, for an injunction and other relief. Decree for plaintiffs. Defendant Squire appeals. Reversed.

*Golden, Nadeau & Fallon* (*William L. McAran*, of counsel), for plaintiffs.

*Edgar G. Gordon*, for defendant Squire.

SHARPE, J. In July of 1926 Adeline Paeth, mother of Walter Paeth, was the owner of five acres of land in Bedford township, Monroe county, and mortgaged the same to the Commerce Guardian Trust & Savings Bank of Toledo for the sum of $3,000. At the time of the giving of the mortgage, there was a dwelling on the easterly side of the premises which was occupied by Adeline Paeth. In 1928, Walter Paeth with the consent of his mother erected a dwelling on the westerly one acre of the mortgaged five acres. The house so erected by Walter Paeth was a four-room bungalow type with a cement block foundation, but without a basement. No written agreement was made by Walter Paeth with his mother, Adeline Paeth, for the future ownership, purchase, or release of the acre nor was the bank informed of any such arrangements.

In December, 1933, a suit in chancery was instituted for the foreclosure of the mortgage; a default decree was taken and the five-acre tract including both dwellings was sold with the equity of redemption expiring February 18, 1935. On Sunday, February 17, 1935, the day before the expiration of the equity of redemption, plaintiff Walter Paeth removed the house from the foreclosed premises across the public highway to other land. On February 18, 1935, defendant bank began chancery action to enjoin the further removal of the house; and later began a replevin action for the repossession of the house and dismissed the chancery action. In the replevin action the sheriff, one of the defendants, re-

possessed the house and on February 26, 1935, plaintiff Walter Paeth began the present chancery suit to determine the right of ownership and possession of the house. On March 21, 1935, an amended bill of complaint was filed in which Ethel Paeth was joined with her husband as co-plaintiff and claimed an interest in the house with her husband. The trial court held that the dwelling house was the property of plaintiffs.

Defendant superintendent of banks appeals and contends that the house, being permanently attached to the land, became a fixture and is to be regarded as part of the land and that the bill of complaint should be dismissed as plaintiffs have an adequate remedy at law in the replevin proceedings instituted by defendant bank, while the plaintiffs contend that the dwelling house remained personal property because there was never unity of title in the plaintiffs in both the land and the house, citing *Adams* v. *Lee,* 31 Mich. 440, where the court said:

"When the ownership of the land is in one person, and of the thing affixed to it is in another, and in its nature is capable of severance without injury to the former, the latter cannot, in contemplation of law, become a part of the former, but must necessarily remain distinct property to be used and dealt with as personal estate only."

In this cause we do not find it necessary to determine whether the property before removal was real or personal. If we accept plaintiffs' theory that the property was always personal, then plaintiff may not recover as they had an adequate remedy at law. In *Mendelsohn* v. *Smith,* 27 Mich. 2, we held that replevin is a proper remedy for a person desiring to get possession of what he claims is his own property.

See, also, *Corbitt* v. *Brong*, 44 Mich. 150; *Nicholson* v. *Dyer*, 45 Mich. 610; *Cavanaugh* v. *Sanderson*, 152 Mich. 11.

In the present cause the specific relief sought in chancery is the determination of ownership and right of possession of the house. This should have been determined in the replevin action at law.

The decree of the lower court is reversed and plaintiffs' bill of complaint dismissed. Defendant may recover costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and TOY, JJ., concurred. POTTER, J., did not sit.