[Civ. No. 2133. First Appellate District.—October 18, 1917.]

LEON LEWIN, Respondent, v. R. G. HANFORD et al., Appellants.

GUARANTY—CONTRACT OF SALE—PLEADING—JUDGMENT FOR PLAINTIFF ON MOTION.—Where a complaint alleged and the answer admitted a written agreement between plaintiff and an investment company, by which the former agreed to sell and the latter to purchase certain bonds and stock for a stipulated price, and it was also alleged and admitted that simultaneously with the execution of the agreement the defendants executed to the plaintiff a written guaranty that the Investment Company would purchase, take, and pay for the bonds and stock, and that in default thereof the defendants would pay the stipulated purchase price, and the bonds and stock should thereupon belong to the defendants, an answer by the guarantors

that the value of the securities agreed to be purchased was in excess of the agreed purchase price and that therefore the plaintiff had sustained no damages by the purchaser's failure to take and pay for them constitutes no defense to an action on the contract of guaranty.

ID.—CONSIDERATION.—A written guaranty entered into simultaneously with the execution of the contract which is guaranteed and as a part thereof requires no other consideration.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge.

The facts are stated in the opinion of the court.

R. P. Henshall, for Appellants.

Wise & O'Connor, for Respondent.

LENNON, P. J.—This is an appeal upon the judgment-roll alone from a judgment on the pleadings in favor of plaintiff. Defendant's demurrer to the complaint was overruled, and after he filed an amended answer, plaintiff moved for and obtained judgment on the pleadings.

The two points made upon this appeal are that the complaint does not state a cause of action, and that the amended answer states a defense. Therefore it is contended a motion for judgment on the pleadings could not be granted.

The complaint alleged an agreement between plaintiff and Hanford Investment Company, a corporation, executed on November 12, 1913, by which the plaintiff agreed to sell and the Hanford Investment Company agreed to buy the following personal property, to wit: Thirty bonds of the Union Water Company, thirty debentures of the United Properties Company, 180 shares of the preferred, and 180 shares of the common stock of the United Properties Company, for the sum of twenty-seven thousand dollars, payable on the twelfth day of November, 1914, with interest thereon from the twelfth day of November, 1913.

The complaint further alleged that simultaneously with the execution of said agreement, and as a part thereof, plaintiff and defendants entered into an agreement in writing (setting it forth *in haec verba*), which was to the effect that defendants guaranteed that the Hanford Investment Company would well and truly purchase and take the said personal

property on or before November 12, 1914, and that if the Hanford Investment Company failed to make the payment on or before that date, the defendants jointly and severally promised to pay said amount upon demand, with interest from November 12, 1913, and upon payment, the property should become the property of the defendants; that the securities which were the subject matter of the contract had been tendered to the Hanford Investment Company; that it had refused to accept or pay for them; that demand was made upon defendants to pay and they had refused. Upon these allegations the complaint prayed judgment in the sum of twenty-seven thousand dollars and interest.

Appellants argue that the complaint counts upon the breach of an executory contract to buy personal property; that in such case the damage is the difference between the agreed price and its value; and that as there is no allegation in the complaint respecting the value of the property, no damage is shown, and therefore the complaint fails to state a cause of action. Appellants' conclusion is correct if the major premise is correct. But we are unable to find any grounds for the contention that the complaint constitutes an action for damages for breach of an executory contract.

The theory of the complaint is sound, and is as follows: That both the principal contract and the contract of guaranty were fully executed; that when delivery of the property which was the subject matter of the sale was tendered to Hanford Investment Company, title to the same at once became vested in it, and upon its refusal to pay, the plaintiff elected to consider the stock as sold (*Cuthill* v. *Peabody,* 19 Cal. App. 304, [125 Pac. 926]); and that the contingency having arisen upon which the defendants' obligation was based, and demand having been made upon the defendants to pay the sum agreed upon, they were liable for that sum.

The complaint counts upon a contract of guaranty. The defendants themselves admit that they are guarantors. They have promised to pay twenty-seven thousand dollars, based on a certain contingency, which is admitted to have occurred, and there is nothing in this promise which violates the provisions of section 2809 of the Civil Code, in which the liability of a guarantor is limited in amount to that which could be recovered from the principal. As the principal contract was executed, Hanford Investment Company, as principal,

was liable for the full purchase price of twenty-seven thousand dollars, and that is the sum which the defendants in their contract of guaranty obligated themselves to pay.

The amended answer does not state a defense. The defendants do not deny the execution of the written instrument, nor do they contend that the statements there contained are untrue or were obtained by fraud or misrepresentation, and the fact alleged in the answer that the value of the securities agreed to be purchased was in excess of the sum of twenty-seven thousand dollars, and that therefore the plaintiff had suffered no damage is no defense to an action against the defendants on their contract of guaranty, which contract became operative at the time the principal contract became executed.

The claim of appellants that the agreement between respondent and themselves is without consideration is equally untenable. The guaranty was entered into simultaneously with the execution of the original agreement and as a part thereof, and in such case no other consideration need exist. (Civ. Code, sec. 2792.)

Judgment affirmed.

Kerrigan, J., and Richards, J., concurred.