[L. A. No. 5300.   Department Two.—December 23, 1919.]

J. E. TUCKER, Respondent, v. W. C. SCOTT et al., Appellants.

[1] Action for Price of Corporation Stock—Delivery—Presumption from Record on Appeal.—In an action to recover the purchase price of corporation stock, where the appeal from the judgment is presented upon a typewritten transcript, and the appellants print a copy of the complaint in their brief but neither print the answer thereto nor state the issue raised thereby, the appellate

court is justified in assuming that the answer admitted the delivery of the stock.

[2] ID.—RIGHT TO RECOVER UPON CONCEDED FACTS—APPROPRIATE REMEDY IMMATERIAL.—Where upon the conceded facts the plaintiff is entitled to recover the price of the stock, the appellate court will not consider whether the appropriate remedy was for damages or for the purchase price, as the recovery would be the same in either case, and a judgment for the purchase price is not only no miscarriage of justice, but exact justice.

[3] ID.—OFFER OF PERFORMANCE—SECTION 1503, CIVIL CODE, INAPPLICABLE.—Section 1503 of the Civil Code providing the person offering a thing, other than money, by way of performance, must, if he means to treat it as belonging to the creditor, retain it as a depositary for hire, until the creditor accepts it, or until he has given reasonable notice to the creditor that he will retain it no longer, and, if with reasonable diligence he can find a suitable depositary therefor, until he has deposited it with such person, can have no application to a case where the purchaser actually receives and retains possession of the property, no matter how reluctant he may be to do so.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arnold Praeger for Appellants.

Andrew M. Strong for Respondent.

WILBUR, J.—Plaintiff recovered judgment for $2,287.50 for the purchase price of sixty-one shares of stock of the Greenwood Advertising Company (Western). Defendant appeals. The agreement of sale is in writing. The only question raised by the appellants is as to whether or not the stock was delivered. This question becomes material only if the agreement of sale was executory. We will assume for the purpose of the decision that the contention of the appellants in that respect is correct. The plaintiff alleged and the court found that the stock was delivered to appellants on the fifteenth day of January, 1917. The appeal is presented upon a typewritten transcript, and the appellants print a copy of the complaint in their brief, but neither print the answer thereto nor state the issue raised thereby, contenting themselves in that respect with the fol-

lowing statement: "Thereafter, defendants answered and in due course a trial was had and the court, a jury having been waived, made findings in conformity with the complaint and gave judgment for plaintiff, and are as follows": (Then follows a copy of the findings of fact and conclusions of law and judgment, in part as follows:) "From the evidence adduced and the facts admitted by the pleadings herein the court finds: . . . Third. That plaintiff has performed all the conditions in said agreement on his part to be performed and said plaintiff did, on January 15th, 1917, deliver to defendants and each and all of them the shares of stock described in said complaint," etc. [1] Because of the failure to state the issue or print the answer, we would be justified in assuming in favor of the judgment that the answer admitted the delivery. (Code Civ. Proc., sec. 953c.) However, an inspection of the typewritten transcript shows that the delivery was denied and that this was the only issue in the case. The appellants admit the making of the contract and the refusal to pay the purchase price of the stock, and claim that plaintiff's remedy is an action for breach of contract, instead of an action for the purchase price of the stock. The difficulty between the parties arose at the time and place fixed for the transfer of the certificates of stock and the payment of the purchase price. At that time the appellants refused to pay the purchase price unless the respondent would sign a written agreement, then produced, that he would not engage in the advertising business within a certain district and certain time therein specified. The respondent was under no obligation to sign this agreement and refused to do so, and appellants thereupon refused to pay the purchase price of the stock. There is no dispute that at the time and place specified the stock certificates were produced, duly indorsed, and tendered to the appellants, and that the certificates of stock remained in the office of the appellants for some days thereafter. One of the respondent's witnesses testified that the stock certificates were handed to the appellants' attorney, in their presence, and that he examined the indorsement "and said something about this being the number of shares, all right, and everything was all right, and then Mr. Praeger [appellants' attorney] pulled out of his coat pocket—inside coat pocket—a paper with a cover on it . . . and he said, 'Everything is all right now and

we have no complaint.' '' The document referred to was a draft of a proposed agreement by which respondent was to undertake not to engage in the advertising business. The evidence was clearly sufficient to establish the fact of delivery. Appellants contend, however, that an intention to accept is essential to a delivery, and that the facts and circumstances show that the defendants did not intend to accept the title to the stock unless they secured this additional agreement. The measure of plaintiff's recovery, however, would be the same, whether the defendants intended to accept the stock or not. The title passes ''when the buyer has accepted the thing, or when the seller has completed it, prepared it for delivery, and offered it to the buyer, with intent to transfer the title thereto. . . . '' (Civ. Code, sec. .1141.) ''The detriment caused by the breach of a buyer's agreement to accept and pay for personal property, the title to which is vested in him, is deemed to be the contract price.'' (Civ. Code, sec. 3310). [2] Upon the conceded facts the plaintiff is entitled to recover the purchase price of the stock. Therefore, on appeal we will not consider whether the appropriate remedy was for damages or for the purchase price, as the recovery would be the same in either case, and a judgment for the purchase price is not only no miscarriage of justice (Const., art. VI, sec. 4½), but is exact justice. [3] Appellants contend that, treated as an offer of performance, the conduct of the respondent violates section 1503 of the Civil Code, which provides as follows: ''The person offering a thing, other than money, by way of performance, must, if he means to treat it as belonging to the creditor, retain it as a depositary for hire, until the creditor accepts it, or until he has given reasonable notice to the creditor that he will retain it no longer, and, if with reasonable diligence he can find a suitable depositary therefor, until he has deposited it with such person.'' This section can have no application to a case where the purchaser actually receives and retains possession of the property, no matter how reluctant he may be to do so. The finding of the trial court that the stock was delivered is sustained by the evidence.

The judgment is affirmed.

Lennon, J., and Kerrigan, J., pro tem., concurred.