[Civ. No. 9319. First Appellate District, Division Two.—April 10, 1934.]

N. M. WHIMS, Respondent, v. VINCENT A. MARCO et al.,
Appellants.

Weber & Kidder for Appellants.

Warner I. Praul for Respondent.

NOURSE, P. J.—Plaintiff sued for the balance of the purchase price of certain shares of stock or "promotional interests", basing his action upon a written contract which was pleaded in full. Plaintiff had judgment and the defendants appeal on typewritten transcripts.

There are but two points raised by appellants which require consideration.  First, whether the complaint states a cause of action for the detriment caused by the breach of the buyers' agreement to accept and pay for the stock. In such a case the measure of plaintiff's recovery is the contract price (sec. 3310, Civ. Code). The contract provided that the plaintiff should have a limited time to

perfect his title and to secure the approval of the commissioner of corporations; that, when this was done, he should give notice thereof to the defendants; and that the balance of the purchase price should be paid within ten days after service of such notice. The complaint alleges that the plaintiff had duly performed all these conditions and was ready to transfer the stock to defendants free and clear of all claims. These allegations were admitted in the answer. The cause of action as presented in the pleadings and findings is one for the balance of the contract price of personal property, title to which had passed to defendant.

The passing of title was effected by plaintiff's tender under the terms of section 1141 of the Civil Code, as it read when the cause was tried. (*Cuthill* v. *Peabody*, 19 Cal. App. 304, 309 [125 Pac. 926]; *Lewin* v. *Hanford*, 35 Cal. App. 36, 38 [169 Pac. 242]; *Tucker* v. *Scott*, 181 Cal. 734, 737 [186 Pac. 150].) This is emphasized by the undisputed evidence of defendants' refusal to accept performance. (*Hulen* v. *Stuart*, 191 Cal. 562, 569 [217 Pac. 750]; *Nielsen* v. *Swanberg*, 99 Cal. App. 270, 275 [278 Pac. 876].)

Second, it is argued that the superior court did not have jurisdiction because the contract was merely an option to buy and the amount in controversy was but three hundred dollars. The point arises out of the provision of the contract giving the defendants the right to relieve themselves from liability by paying plaintiff the sum of three hundred dollars upon receipt of notice of plaintiff's perfection of title. The complaint alleges that the defendants did not pay or offer to pay this sum and the trial court so found. As the contract called for payment "forthwith" it is evident that, whatever right of election the defendants may have had, they failed to exercise it and plaintiff was entitled to rest on his contract of sale. (Sec. 1449, Civ. Code.)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.