DAVIES v. SEMLOH HOTEL, Inc., et al.

No. 5574.   Decided April 30, 1935.   (44 P. [2d] 689).

*Willey & Willey,* of Salt Lake City, for appellants.

*Parley P. Jenson* and *J. J. Whitaker,* both of Salt Lake City, for respondent.

MOFFAT, Justice.

This action is upon a written contract of employment between plaintiff and respondent and the Semloh Hotel, Inc., defendant and appellant. It is alleged that in order to secure employment from the defendant Semloh Hotel, Inc., plaintiff paid to defendant $500 in cash and 27 shares of stock of the J. C. Penney Company upon the express agreement on the part of the Semloh Hotel to employ the plaintiff. One of the conditions of the employment was that the plaintiff should buy from the Semloh Hotel 1,600 shares of

the capital stock of that company. In addition to the contract of employment and as part of the same instrument, it was agreed that if the Semloh Hotel saw fit to discharge the plaintiff, with or without cause, that then and in that event the Semloh Hotel would repurchase from the plaintiff the 1,600 shares of stock at the price of $1 per share. A copy of the contract was attached to and made part of the complaint. Plaintiff also alleged that pursuant to the contract he was employed by the Semloh Hotel from the 13th day of July, 1933, until the 24th day of August, 1933; that on the latter date the defendant company discharged the plaintiff; that immediately following the discharge the plaintiff made tender to the defendant company of the shares of stock described in the contract and demanded the payment of $1,600 therefor; that the defendant refused to pay the sum of $1,600, or any part thereof. Plaintiff prays judgment.

There were other causes of action and other parties to the action originally, but before the introduction of any evidence upon the cause all other parties defendant had either withdrawn or action against them was dismissed. The cause is here between the plaintiff Davies and the defendant Semloh Hotel, Inc., a corporation.

A general demurrer to the complaint was filed upon the ground that it did not state facts sufficient to constitute a cause of action against the defendant. The demurrer was overruled. The defendant company answered. Its corporate existence was admitted, together with the making of the contract as alleged. The defendant also admitted that plaintiff entered into the employment of the company, admitted the correctness of the copy of the contract attached to plaintiff's complaint, admitted that it had refused to repurchase from plaintiff the shares of stock referred to in the contract, and alleged that the reasonable value of the stock was the sum of $1,600, but denied that plaintiff had been discharged by the defendant. The only issue of fact between the parties was whether or not plaintiff was discharged by the defendant.

Upon the issue thus formed the cause went to trial. Plaintiff put in proof of the contract and evidence tending to prove the discharge and rested. Defendant interposed a motion for a verdict in its favor and against the plaintiff upon the ground that the plaintiff had not pleaded that he was able and willing to make tender in court of the 1,600 shares of stock in the defendant company and that plaintiff had not, and under the pleadings could not, make tender of such shares of stock, and that in the absence of plaintiff's tender and in the absence of his pleading he was not entitled to recover.

After some discussion as revealed by the record, the plaintiff moved the court to permit him to reopen the case for the purpose of making tender of the certificate for 1,600 shares of stock referred to in the contract and putting the same in evidence. The court permitted the cause to be reopened and tender was made by the plaintiff and refused by the defendant.

The defendant introduced evidence, and after both parties had rested it was stipulated that the court might instruct the jury orally. The court instructed the jury that the only real issue of fact in the cause was whether or not the plaintiff had been discharged. The jury found in favor of the plaintiff and against the defendant company. The defendant appeals and assigns error: (1) Permitting of the plaintiff to reopen the case and tender the stock certificate after he had rested; (2) receiving in evidence the stock certificate for the 1,600 shares of stock of the defendant company; (3) that there was no evidence that the plaintiff had been discharged by the defendant; (4) the court's refusal to give instructions requested by the defendant; and (5) that the complaint does not state facts sufficient to constitute a cause of action.

The reopening of the case was within the trial court's discretion. There was no abuse of discretion. It was not error to permit the tender or receive the stock certificate in evi-

dence. The record discloses a conflict in the evidence. There was sufficient substantial competent evidence in the record from which the jury could find the verdict it did. This is a law case. It is not for us to disturb the verdict on that ground.

The instructions given by the court fully covered the issues, and we think the defendant was not in any way prejudiced by the instructions given nor by the refusal to give requested instructions.

The complaint states a cause of action. Under R. S. Utah 1933, 81-5-1, subd. 1, it is provided that:

"Where under a contract to sell or a sale the property in the goods has passed to the buyer, and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods."

Appellant makes the statement that the allegations of plaintiff's complaint do not bring him within this subdivision of the section just above quoted, but claims that if plaintiff brings himself within any of the three subdivisions of 81-5-1, supra, it is the third subdivision relating to a situation in which title to the goods has not passed and providing where the buyer refuses to receive them the seller may notify the buyer that the goods are thereafter held by the seller as bailee for the buyer and may then bring an action for the contract price. A cause of action stated and a cause of action proved may be different. A general demurrer would not reach such situation. In argument appellant admits that the complaint states a cause of action. What appellant has in mind is not that the complaint does not state a cause of action, but that when the proof is applied to the complaint under a theory that the complaint is for the ordinary sale of goods under the statute, that the plaintiff has not proved the cause of action as measured by the section of the statute to which appellant refers as a standard for measurement of the complaint and the proof

appellant applies thereto. Appellant urges that plaintiff alleged one cause of action and proved another.

Appellant cites the case of *Cuthill* v. *Peabody*, 19 Cal. App. 304, 125 P. 926, 927. That case is quite analogous in its facts to the instant case. The contract there sued upon was in writing and to the effect that the defendants promised and agreed to purchase certain stock from the plaintiff for the sum of $1,000, "after one year from February 11, 1905," in the event that the plaintiff desired to sell the same. On February 11, 1906, plaintiff notified defendants that he desired to sell the stock at the price stated, and tendered the stock duly indorsed for transfer to the defendants. They refused to purchase or pay for the same as agreed. The court held that the complaint stated a cause of action. In so ruling, the matter was stated substantially as follows:

"It seems clear to us that the allegations of the plaintiff's complaint are sufficient to show that title to the stock was transferred to and vested in the defendants. * * * An offer to perform an executory contract for the purchase and sale of personal property is tantamount to performance, and vests the title to the thing sold in the vendee."

Under the terms of the contract in the instant case, it was

"agreed that if at any time the second party should see fit to discharge and thus discontinue the services of the first party for cause or otherwise, then and in that event the second party agrees to repurchase the stock of the second party now held by the first party at par value of One ($1.00) Dollar per share."

Under the terms of the contract, whether or not the property in the stock passed to the buyer, the defendant was bound by his contract to repurchase and pay for the stock. The appellant having refused to pay for the stock according to the terms of the contract, the seller had the right to maintain his action for the agreed price. This transaction did not contemplate an option on the part of the defendant to repurchase the stock, nor did it constitute what might be termed an offer to purchase the stock. It was a binding

contract upon both parties subject only to a condition subsequent, viz., the discharge of the plaintiff from the employment contemplated in the contract. The condition subsequent having been fulfilled in the discharge of the plaintiff and the plaintiff having made tender of the stock, there would seem to be no good reason why he should not recover. It was the clear intention of the parties that the title to the stock should pass to the defendant upon the happening of the events as outlined upon which defendant became bound to pay.

· Under the provisions of 81-2-2, R. S. Utah 1933, it is provided:

"(1) Where there is a contract to sell specific or ascertained goods, the property in them is transferred to the buyer at such time as the parties to the contract intend it to be transfered.

·"(2) For the purpose of ascertaining the intention of the parties regard shall be.had to the terms of the contract, the conduct of the parties, usages of trade and the circumstances of the case."

From the terms of the contract it was the intention of the parties that the delivery of the stock on the part of the plaintiff and the payment therefor on the part of defendant were to be concurrent transactions. The plaintiff evidently had the right to make tender of the stock, but still retain possession until payment was made. R. S. Utah 1933, 81-4-2. Although the property in the stock may have passed to the buyer, the unpaid seller of stock, as such, has a lien on the stock or right to retain it for the purchase price while he is in possession of it and until payment therefor is made. The complaint was not vulnerable to a general demurrer. It is unnecessary to discuss other assignments of error.

The judgment of the trial court is affirmed; respondent to recover costs.

ELIAS HANSEN, C. J., and FOLLAND and EPHRAIM HANSON, JJ., concur.

WOLFE, Justice (concurring).

I concur in the result reached in this case, but am unable to agree to that part of the opinion which appears to hold that the contract between the plaintiff and the defendants was one to which should be applied the provisions of the Uniform Sales Act. I do not think it was an agreement to sell or an agreement to buy, as meant by the Uniform Sales Act. This was not a contract severable into three parts, one part to buy 1,600 shares of Semloh stock and pay $500 and 27 shares of Penney stock for it; another part to employ the plaintiff; and still another part in which plaintiff agreed to sell and defendants to buy the 1,600 shares of Semloh stock. Construed as a whole, it was an agreement to employ the plaintiff Davies at a certain salary per month, provided he invested in 1,600 shares of the stock of the Semloh Hotel, Inc., by paying therefor $500 and 27 shares of Penney stock, and with the further agreement that in case he was discharged the defendants should return to him $1,600, which was the equivalent in money of what he had invested in the Semloh stock, upon the plaintiff tendering back the said stock. It was a contract to hire plaintiff in consideration of his investing a certain sum of money, and if he was discharged to pay him back that sum of money. Its purpose on discharge was to put him in status quo. The fact that the phrase "repurchase of the stock" is used to express the obligation of the defendants in case of the discharge of plaintiff does not make it a sale. It is a simple proposition of an obligation to return to the plaintiff what he paid as a condition to the obtaining of the employment.

When the jury found that the plaintiff was discharged, it necessarily followed that the defendant Semloh Hotel, Inc., was obligated to pay him $1,600 upon his tender of the Semloh stock. This did not arise by virtue of an agreement to repurchase, but by virtue of the fact that he was discharged; the word "repurchase" being a short way of

expressing the obligation to pay $1,600 upon plaintiff's tendering the stock.

The contention of the appellant that the plaintiff has failed to comply with the sections of the Uniform Sales Act quoted in the main opinion to my mind is beside the point. This contract should not be treated as a contract of sale or a contract of repurchase, but as a contract to hire upon the payment .of 27 shares of J. C. Penney stock and $500 for Semloh stock, coupled with an obligation to return its equivalent in money, agreed on at $1,600, if the plaintiff was discharged, upon tender back of the Semloh stock. The complaint alleged the discharge and the tender back of the 1,600 shares of Semloh stock and a refusal of the defendants to pay the $1,600. This set out the full duty of the defendants under the circumstances and its breach by refusing to pay the $1,600. The proof followed the allegations, especially when the case was opened to present proof of tender. Consequently, for the above reason, to my mind the assignments of error are not well taken.